**Jeffrey D. HILL, Plaintiff,**

v.

**G. Thomas GATES; Kenneth A. Osokow; Robert M. Kemp; Pa. Superior Court–HBG. (Olszewski, Popovich, Hester, & then Kelly, Johnson, & Cercone); William W. Lipsett; James R. Protasio; Pa. Supreme Court's Administrative Offices, Defendants.**

No. 4:CV–96–1572.

United States District Court, M.D. Pennsylvania.

Sept. 18, 1996.

*ORDER*

McCLURE, District Judge.

### BACKGROUND:

On August 23, 1996, plaintiff Jeffrey D. Hill initiated this action with the filing of a complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq. Hill alleged also that the named defendants acted to deprive him of his rights to equal protection and due process in both criminal proceedings in which Hill was the defendant and civil actions in which Hill was the plaintiff.

On initial review, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and directed Hill to show cause why sanctions should not be imposed. Specifically, the court indicated that it would consider as an appropriate sanction the issuance of an order rendering Hill subject to the same restrictions with respect to litigation under § 1915 as are applied for prisoners. In addition, following Hill's filing of a notice of appeal, we amplified our order of dismissal, noting that Hill lacked standing to bring suit under RICO. Hill then filed a complaint against the undersigned judge which has been dismissed by another judge of this court. However, no response to our order to show cause has been filed.

### DISCUSSION:

Hill has a long history of filing frivolous complaints. These complaints, and many of the related documents filed in each of these cases, nearly always are laced with the type of invective which the Superior Court described in *Commonwealth v. Hill,* 429 Pa.Super. 421, 632 A.2d 928 (1993). A review of the docketing computer prior to our September 3, 1996, order showed that Hill has initiated 42 separate actions in this district alone. They are:

| | | |
|---|---|---|
| 4:CV–96–1572 | 3:CV–93–0051 | 3:CV–91–0408 |
| 4:CV–96–1561 | 3:CV–93–0050 | 3:CV–91–0376 |
| 4:CV–96–1459 | 3:CV–93–0049 | 3:CV–91–0375 |
| 4:CV–96–1301 | 3:CV–93–0048 | 3:CV–91–0285 |
| 4:CV–96–1266 | 3:CV–93–0047 | 3:CV–91–0080 |
| 4:CV–96–0791 | 3:CV–92–1404 | 3:CV–91–0080 |
| 4:CV–95–2074 | 3:CV–92–0859 | 3:CV–90–2148 |
| 4:CV–95–1427 | 4:CV–92–0196 | 3:CV–90–2056 |
| 4:CV–95–1251 | 3:CV–92–0172 | 3:CV–90–1765 |
| 4:CV–93–1299 | 3:CV–92–0078 | 3:CV–90–0468 |
| | | 3:CV–90–0051 |

Jeffrey D. Hill, Plaintiff, proceeding pro se.

No appearances have been filed for defendants.

**110**

3:CV-93-0595 3:CV-91-1696 3:CV-89-1730
4:CV-93-0244 3:CV-91-1267 3:CV-89-1724
3:CV-93-0053 3:CV-91-1203 3:CV-89-1090
3:CV-93-0052 3:CV-91-0893 3:CV-88-1077

Of course, this list does not include the many cases filed by Hill in the courts of the Commonwealth of Pennsylvania, or any he may have filed in other district courts as well. In all of the cases listed, Hill has never obtained a judgment in his favor. Hill's only victories have been reversals on appeal, which led merely to prolongation of the actions and not to ultimate success on the merits. A search of the WESTLAW database using Hill's name returns over 50 results (appended hereto). This waste of public resources is nothing short of shameful.

This court on many prior occasions has attempted to bring Hill within the bounds of decorum as well as to prompt Hill to ensure that his filings have some merit. These attempts have been abysmal failures: Despite warnings, monetary sanctions, and an injunction, Hill has continued to spew invective and meritless claims unabated. Generally, Hill's documents are rife with insulting epithets and superfluous accusations of drug and alcohol abuse, lack of integrity, incompetence, etc. The offensive language is included for no valid purpose, but clearly is intended to deride and insult Hill's targets.

The Federal Rules of Civil Procedure provide in part as follows:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> .    .    .    .    .

**(c) Sanctions.**

**(1) How Initiated.**

.    .    .    .    .

> **(B) On Court's Initiative.** On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.
>
> **(2) Nature of Sanction; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. . . .

Fed.R.Civ.P. 11(b)(1), (b)(2), (c)(1)(B), (c)(2).

Hill's complaint warrants sanctions for three reasons. First, Hill again uses the language we have proscribed on so many prior occasions. Also, the complaint is used as a vehicle for Hill to assassinate the character of public officials for no reasons related to any claims. *See* Rule 11(b)(1). Finally, the complaint is without merit, as Hill clearly has not suffered the type of injury which gives rise to standing for a RICO claim. *See* Rule 11(b)(2). Despite our prior order, Hill has not shown cause why sanctions should not be imposed.

■   Rule 11(c)(2) gives the court the authority to impose sanctions which will prevent repetition of the offensive conduct by the sanctioned party or by others similarly situated. Since so many forms of attempted restraint have been unsuccessful in curbing Hill's penchant for frivolous and/or invective-filled documents, the court will use, as a last resort, the rules for pleading which were recently enacted for prisoner litigation brought *in forma pauperis*. In particular, the court will impose a sanction in the form of an injunction that Hill will be subject to the "three strikes" provision of 28 U.S.C. § 1915(g), and the full payment of filing fees over an extended period, in a manner analogous to § 1915(b).

It should be emphasized that the use of § 1915 is not intended to be a direct application of that section to Hill, nor are we deeming Hill to be a "prisoner" for purposes of § 1915. Rather, we are imposing sanctions under Rule 11 which are analogous to the provisions of § 1915. This form of sanction is chosen because those provisions are designed to inhibit abusive litigation by plaintiffs proceeding *in forma pauperis,* the situation presented in the instance of Hill. The source of our authority, however, remains Rule 11(c).

The court therefore makes the following findings of fact:

1. Plaintiff Jeffrey D. Hill was convicted in the Courts of Common Pleas of Northumberland County and of Lycoming County in a series of cases involving assault, aggravated assault, harassment, and similar charges in the mid-1980's. *See Hill v. Commonwealth of Pennsylvania,* No. 3:CV–93–0047 (M.D.Pa. filed February 17, 1993); *Hill v. Commonwealth of Pennsylvania,* No. 3:CV–93–0048 (M.D.Pa. filed February 23, 1993); *Hill v. Commonwealth of Pennsylvania,* No. 3:CV–93–0049 (M.D.Pa. filed February 17, 1993); *Hill v. Commonwealth of Pennsylvania,* No. 3:CV–93–0050 (M.D.Pa. filed February 17, 1993); *Hill v. Commonwealth of Pennsylvania,* No. 3:CV–93–0051 (M.D.Pa. filed February 23, 1993); *Hill v. Commonwealth of Pennsylvania,* No. 3:CV–93–0052 (M.D.Pa. filed February 17, 1993); *Hill v. Commonwealth of Pennsylvania,* No. 3:CV–93–0053 (M.D.Pa. filed February 17, 1993).[1]

2. Since that time, Hill has pursued extensive post-trial matters, including state post-conviction proceedings, federal habeas corpus and mandamus actions, and civil rights suits against various courts, judges, attorneys, court employees, and others involved directly and indirectly in the criminal proceedings.

3. Hill has never been a prevailing party in an action brought in the United States District Court for the Middle District of Pennsylvania, despite the 42 actions listed above (subsequent complaints have brought the total to 46).

4. Hill has repeatedly filed documents in which any pretense at civility is abandoned, and opposing parties, their counsel, and the court are subjected to offensive and insulting language completely superfluous to any potential merits of the action. *See, e.g., Hill v. Raup,* No. 4:CV–93–1299, slip op. at 5 (M.D.Pa. filed September 14, 1993) (collecting cases; other cases have followed).

5. Hill also has pursued litigation related to his applications for employment with the Pennsylvania Department of Environmental Protection, formerly the Department of Environmental Resources.

6. Hill has sued DEP, DER, the Pennsylvania Human Relations Commission, various employees of those entities, and opposing counsel.

7. The documents filed by Hill in the various cases related to his employment claims have been filled with the same offensive and insulting language.

8. This court on many occasions has warned Hill that filing documents "replete with offensive, derogatory material" is not acceptable and will not be permitted.

9. This court on many occasions has dismissed actions filed by Hill as frivolous.

10. This court has dismissed actions by Hill because of his failure to heed warnings to refrain from filing papers "replete with offensive, derogatory material."

11. This court has imposed monetary sanctions on Hill for filing documents which were frivolous and "replete with offensive, derogatory material."

12. This court has enjoined Hill from filing documents "replete with offensive, derogatory material," and has defined the term for Hill.

13. No action to date has curbed Hill's penchant for filing documents "replete with offensive, derogatory material."

---

**1.** Hill pursued appeals of these cases in the Court of Appeals for the Third Circuit (which affirmed) and applied for certiorari in the Supreme Court of the United States (which denied certiorari). For the sake of brevity, subsequent history is omitted in these citations.

14. Hill's conduct in repeatedly filing frivolous and malicious complaints has led to a waste of resources on the part of this and other courts, opposing parties, and counsel.

15. Perhaps the most egregious example of the cost of Hill's abusive litigation is *Hill v. Way*, No. 94–00067 (C.P. Lycoming County, filed February 4, 1994), in which President Judge Raup recites the following:

(a) Hill filed an action which Lycoming County was required to defend.

(b) The County consistently maintained throughout the litigation that the suit was frivolous.

(c) The case eventually was dismissed, but not before the County expended over $10,000.00 in litigation expenses.

(d) A local newspaper reported the story and printed an editorial decrying the waste of judicial resources and public funds.

(e) Hill sued the newspaper.

(f) Hill's suit against the newspaper was dismissed as frivolous.

\* \* \*

The court also reaches the following conclusions of law:

1. It is the responsibility of every court to ensure the just, speedy, and inexpensive determination of every action presented to it. *See* Fed.R.Civ.P. 1, 11(b)(1).

2. Repeated filing of frivolous and/or malicious actions prevents the just, speedy, and inexpensive determination of actions in a court of law.

3. Abusive and profane language brings the court and litigants into disrepute, and obstructs the just, speedy, and inexpensive determination of actions.

4. Permitting Hill's consistent pattern of abusive litigation is inconsistent with this court's responsibility to ensure the just, speedy, and inexpensive determination of every action presented to it.

5. Hill's consistent pattern of abusive litigation has continued despite warnings, monetary sanctions, dismissals, and an injunction.

6. A new vehicle is necessary to stop Hill's abuse of the courts as a vehicle to defame and deride any person he chooses.

7. The Prison Litigation Reform Act, Title VIII of Pub.L. 104–134, 110 Stat. 1321 (1996), sets forth provisions governing actions brought *in forma pauperis* which are intended to curb abuse of *in forma pauperis* status by inmates.

8. There is no substantial difference between abusive inmate litigation and Hill's abuse of *in forma pauperis* status.

■ 9. When lesser means have proven ineffective in preventing abusive litigation brought *in forma pauperis*, the provisions of the Prison Litigation Reform Act are an appropriate means to curb abusive litigation by persons who are not "prisoners" under that Act, if modified to reflect the non-inmate status of the litigant.

10. The provisions of the Prison Litigation Reform Act, as so modified, are an appropriate means to curb the abusive litigation and manner of litigation employed by Hill.

\* \* \*

**NOW, THEREFORE, IT IS ORDERED THAT:**

### A. Definitions

1. For purposes of this order, "offensive, derogatory material" means:

(a) obscene or profane language;

(b) insults directed at the court, opposing counsel, or any adverse party; or

(c) any other language or statement (i) which does not further the purpose of the complaint and (ii) which would offend a reasonable person if the language was directed at him or her or the statement referred to him or her, whether or not the offended person is a party to the action.

2. For purposes of this order, a document is "replete with offensive, derogatory material" when:

(a) it contains repeated instances of offensive, derogatory material;

(b) it contains a sufficient number of instances of offensive, derogatory material, if believed, to make a reasonable reader of the document view the character or repu-

tation of the subject(s) of the offensive, derogatory material in a less favorable light for reasons unrelated to the merits of the action.

3. For purposes of this order, a "document" is a pleading, motion, brief or memorandum, or other paper submitted by Hill to the Clerk of Courts for filing in a case before this court.

4. For purposes of this order, "court of the United States" shall be defined as stated in 28 U.S.C. § 451.

## B. Filing of Documents

5. Pursuant to Fed.R.Civ.P. 11(c), Hill is enjoined permanently from filing any document which is replete with offensive, derogatory material.

6. Upon Hill's submission for filing of a document, the clerk of court shall file-stamp the document and enter it upon the docket of the appropriate case.

7. Once a document is entered upon the docket, the document shall be directed to undersigned's attention or, in the event the undersigned is not available, the Clerk of Court shall direct the same along with a copy of this order to another judge of this district selected in accordance with the procedure established for the random assignment of civil cases.

8. The judge to whom the document is directed shall review the document to determine whether it is replete with offensive, derogatory material.

9. If the document is not replete with offensive, derogatory material, the document shall be placed in the file and considered in the ordinary course of the business of the court.

10. If the document is replete with offensive, derogatory material, it shall be stricken, sealed, and treated as if it had not been filed. The sealed document shall remain a part of the record for purposes of appellate review only.

11. The striking of an original pleading as replete with offensive, derogatory material shall not toll any applicable statute of limitations.

12. If a document stricken under ¶ 10 is an original pleading, the case shall be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B).

13. If a document stricken under ¶ 10 is not an original pleading, the case shall not be dismissed until Hill has filed two such documents in the case, but shall be dismissed upon the striking of the second document.

14. Upon the filing of the first document stricken in any case which is not an original pleading, Hill shall be warned that the filing in that case of the next document which is replete with offensive, derogatory material will lead to the dismissal of the action. The failure by the court to provide such warning shall not affect any action taken under ¶ 13.

15. The court may, in its discretion, take an action which is less stringent than provided in this order if it determines that the conduct of Hill in filing a document which is replete with offensive, derogatory material is unintentional or otherwise warrants lesser action by the court. However, nothing in this paragraph should be construed to indicate that the court is required to take such lesser action.

## C. Filing Fees

16. Any complaint or other original pleading filed by Hill must be accompanied by an initial partial filing fee of $5.00.

17. Notwithstanding ¶ 6, above, the Clerk of Court shall not accept any complaint or other original pleading submitted by Hill for filing unless it is accompanied by the initial partial filing fee.

18. Hill shall deposit $5.00 per month following the filing of the complaint until the filing fee of $120.00, or other amount as appropriate to the pleading, is paid.

19. A subsequent payment is timely if made on or before the same day of the next calendar month as the day of the filing of the original pleading.

20. If the day on which a subsequent payment is due falls on a weekend, legal holiday, or other day on which the clerk's office is closed, the monthly payment must be made on the next following business day.

21. If a monthly payment is not made by Hill when due, that payment shall be considered out-standing until paid.

22. The clerk shall not accept any document for filing by Hill when a monthly payment is out-standing in the case to which the document relates.

23. If a document is accepted in error by the clerk while a payment is out-standing, the court shall strike the document and treat it as if it had never been filed.

24. If, in any one case, a monthly payment remains out-standing for more than 90 days, or if Hill has at least one payment out-standing for four consecutive monthly periods, the court shall dismiss the case for failure to prosecute.

25. That an out-standing payment has prevented Hill from filing a document shall not toll the running of a time period related to such filing.

26. Hill's failure to pay the initial partial filing fee and the resulting refusal to accept an original pleading for filing shall not toll any applicable statute of limitations.

27. The dismissal of an action does not relieve Hill of his responsibility for continuing to pay the filing fee for that action on a monthly basis.

28. If a case is dismissed and Hill fails to pay the filing fee as required by this order, such that a single payment is out-standing for more than 90 days or there are out-standing payments for four consecutive monthly periods, the clerk shall not accept from Hill a document for filing in any case which remains active. This paragraph shall not apply to a notice of appeal.

### D. Three Strikes

29. In no event shall Hill bring a civil action in this court if he has, on 3 or more prior occasions after the date of this order, brought an action or appeal in a court of the United States that was dismissed pursuant to this order or on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

### E. Notices of Appeal

30. The provisions of this order shall apply to a notice of appeal unless inconsistent with a provision made specifically applicable to notices of appeal.

31. A notice of appeal shall have effect as such despite being replete with offensive, derogatory material.

32. A notice of appeal which is replete with offensive, derogatory material shall be sealed upon order of this court.

33. Hill is directed to file any notice of appeal related to this or any other case in the clerk's office in Williamsport, Pennsylvania.

34. Upon the filing of a notice of appeal, the clerk shall forthwith docket it as such and direct the original to the undersigned or, in the event the undersigned is not available, to another judge of this district selected in accordance with the procedure established for the random assignment of civil cases.

35. The judge to whom the notice of appeal is directed shall review the notice of appeal and determine whether it is replete with offensive, derogatory material.

36. If the notice of appeal is replete with offensive, derogatory material, it shall be sealed and the order sealing the notice of appeal shall accompany the notice of appeal.

37. The notice of appeal, whether sealed or unsealed, then shall be forwarded to the clerk for processing of the record on appeal in the usual manner.

38. If the notice of appeal is sealed by the court, the notice of appeal shall appear in the docket as "Notice of Appeal, Sealed by Order of Court."

39. If the court does not take action on a notice of appeal by the end of the business day next following the filing of the notice of appeal, the clerk should retrieve the original forthwith and process the record on appeal in the usual manner.

### F. Miscellaneous

40. The provisions of this order shall apply only to actions which Hill pursues or seeks to pursue *in forma pauperis* or without prepayment of fees under 28 U.S.C. § 1915.

41. The provisions of this order shall be suspended in any case in which Hill alleges

imminent, serious bodily harm which will occur absent immediate relief.

42. If Hill alleges imminent, serious bodily harm which will occur absent immediate relief, he must be capable of supporting such an allegation if called upon to do so.

43. The filing by Hill of an original pleading alleging imminent, serious bodily harm which will occur absent immediate relief must be made in good faith.

44. The filing by Hill of an original pleading alleging serious bodily harm which will occur absent immediate relief without support and/or in bad faith will lead to the dismissal of the action and may lead to the imposition of further sanctions and/or a finding of contempt of this order.

45. In any case in which Hill makes a good faith allegation of imminent, serious bodily harm which will occur absent immediate relief, the court will make such further orders as are necessary to provide relief, if appropriate, from both the provisions of this order and from the conduct of which Hill complains. In no such event, however, shall Hill be relieved of his obligations to pay the filing fee and to refrain from filing documents replete with offensive, derogatory material.

46. This order is not intended to place any limitation upon Hill's ability to pursue litigation in the courts of any state or in any court of the United States except the United States District Court for the Middle District of Pennsylvania.

47. The provisions of this order supersede any prior order of this court related to the manner in which Hill may proceed in this court.

48. The clerk is directed to provide a copy of this order to all of the branch offices of the clerk's office and to take appropriate steps to ensure implementation and compliance.

49. The clerk is directed to provide a copy of this order to each judge and magistrate judge of the United States District Court for the Middle District of Pennsylvania.

50. The provisions of this order are not intended to be a limitation on the discretion of the court, and the court may impose further sanctions, including monetary sanctions, upon the filing by Hill of a document replete with offensive, derogatory material, as it deems appropriate.

51. The provisions of this order are not intended to be a limitation on the right of any person, whether a party or non-party, to seek sanctions or take any other action against Hill should he file a document replete with offensive, derogatory material, of which the other person is the subject.