

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2005

# Hill v. Nassberg

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hill v. Nassberg" (2005). *2005 Decisions.* Paper 1202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-191 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4570
_____

JEFFREY D. HILL,
Appellant
v.

RICHARD NASSBERG, County Commissioner; REBECCA BURKE,
County Commissioner; ERNEST LARSON, County Commissioner;
JAMES CARPENTER, Chief Assessor; CENTURY 21 APPRAISALS OF
MIDDLETOWN, PA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02444)
District Judge: Honorable Christopher C. Conner

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 7, 2005

Before:  ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed May 12, 2005)

_____

OPINION
_____

PER CURIAM

Jeffrey D. Hill filed a complaint in which he asserted broad claims of inequity

stemming from the reassessment of real estate values in Lycoming County, Pennsylvania.

Simultaneously with his complaint, he filed a motion to proceed *in forma pauperis* in which he averred that he owned no real estate. The District Court dismissed Hill's complaint for failure to state a claim. However, the District Court gave Hill an opportunity to file an amended complaint to include allegations of an injury in fact, if any such injury existed.

In his amended complaint, Hill repeated his allegations of general unfairness in the Lycoming County property reassessment, including his assertion that the value of "high-crime, blighted, ghetto property" was inflated to compensate for the loss of tax revenue from undervaluation of "exclusive, large, wealthy estate land parcels." He additionally claimed that racial minorities, senior citizens, and lower-income people were discriminated against because they were forced to subsidize the tax burden of wealthy and politically-connected Lycoming County residents. Concluding that Hill had again failed to allege an injury, the District Court dismissed his amended complaint for lack of standing and deemed leave to amend futile. Hill appeals.

Hill's appeal must be dismissed because it is legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (2005). To have standing to bring a suit in federal court, a plaintiff must demonstrate a concrete and particularized, actual or imminent, injury in fact. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a generalized grievance "shared in substantially equal measure by all or a large class of citizens." *Warth v. Seldin*,

2

422 U.S. 490, 499 (1975). Hill did not show an injury in fact, because he did not explain in his amended complaint or in an accompanying document entitled "damages/injuries" how he would be adversely affected by the reassessment of Lycoming County property values. He did not show that he owned real property that was subject to reassessment. The emotional and psychological toll of his perceived awareness of corruption, which he described in his "damages/injuries" document, was not a sufficient injury in fact. *See ASARCO, Inc. v. Kadish*, 490 U.S. 605, 616 (1989). At most, he sought to bring a generalized grievance or harm to third parties to the District Court's attention. In sum, Hill could not show an injury in fact and lacked standing to bring his claim in District Court. Further amendment to show injury proved futile.

For the reasons stated above, Hill's appeal of the District Court's order dismissing his case is legally frivolous and will be dismissed.