

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2006

# Hill v. Nassberg

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3717

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hill v. Nassberg" (2006). *2006 Decisions.* Paper 1619.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1619

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DPS-60**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3717
_____

JEFFREY D. HILL,

Appellant

v.

COUNTY COMMISSIONER RICHARD NASSBERG;
COUNTY COMMISSIONER REBECCA BURKE;
COUNTY COMMISSIONER ERNEST LARSON;
CHIEF ASSESSOR JAMES CARPENTER;
CENTURY 21 APPRAISALS OF MIDDLETOWN, PA;
COUNTY SOLICITOR PETER BURCHANOWSKI

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-1336)
District Judge: Honorable Christopher C. Conner

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 23, 2005

Before: ROTH, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGE</u>

(Filed February 8, 2006)

_____

OPINION

_____

PER CURIAM

Jeffrey D. Hill appeals the order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint against individual Commissioners of Lycoming County, Pennsylvania, and other defendants. This is Hill's second complaint in which he makes broad allegations of corruption, fraud, and general unfairness in the reassessment of real estate values in the county. Among other things, he asserts that the assessors deliberately appraised "high-crime, blighted, ghetto land parcels" to have the highest value while undervaluing "exclusive, large, wealthy estate land parcels" in order to benefit "the rich and politically-privileged at everyone else's expense," subjecting racial minorities, senior citizens, and lower-income citizens to a discriminatory, disproportionate tax burden. The District Court dismissed Hill's first such complaint (and amended complaint) for failure to state a claim, concluding that Hill had failed to allege an injury and lacked standing to bring the complaint. We dismissed as frivolous Hill's appeal in that matter, noting that he had averred that he owned no real estate subject to reassessment, and that the allegations of harm to third parties was insufficient to show an injury in fact. Hill v. Nassberg, et al., C.A. No. 04-4570 (3d Cir. May 12, 2005).

Shortly thereafter, Hill filed in District Court the complaint sub judice, in which he essentially repeated his claims from the previous complaint but included an additional assertion of injury. Specifically, he contended that the property reassessment caused his rent to be increased in 2005, because his rent helps to pay the landlord's property taxes. In turn, Hill alleged that the rent increase causes him to have less money for medical care,

food, and clothing; thus, he has suffered physical, financial, psychological, and emotional injuries such as increased stress. He also repeated his allegations of injury suffered by the citizens of Lycoming County as a result of the allegedly corrupt real estate reassessments. As relief, Hill sought to bar the application of the 2004 reassessments and recover reimbursement to county taxpayers for the costs of the reassessment process. He also sought revocation of the professional licenses of those who performed the appraisals and referral of criminal charges to the appropriate authorities. In addition, he sought damages relief. Concluding that Hill had again failed to allege an injury, the District Court dismissed the complaint and deemed leave to amend to be futile. Hill proceeded in District Court with *in forma pauperis* status. Hill has been granted leave to proceed *in forma pauperis* on appeal as well. We have jurisdiction under 28 U.S.C. § 1291.

Upon consideration of the record and Hill's informal brief on appeal, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of legal merit. The District Court correctly dismissed Hill's complaint because Hill lacks standing to bring his lawsuit. Standing to bring a suit in federal court requires a plaintiff to demonstrate (1) a concrete and particularized, actual or imminent, injury in fact; (2) a causal link between the injury and the challenged conduct; and (3) that a favorable ruling would redress the injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). As we stated in our opinion in Hill's previous appeal, the emotional and psychological toll of his perceived awareness of corruption and fraud is not a sufficient injury in fact, nor is bringing a generalized grievance as a concerned citizen. See ASARCO, Inc. v. Kadish,

490 U.S. 605, 616 (1989). We also noted that Hill failed to show that he owned any real estate subject to the reassessment. Hill's new allegation that his rent has been increased does not amount to an injury that is causally linked to the allegations of corruption. As observed by the District Court, Hill's landlord may increase (or decrease) rental rates notwithstanding the reassessment of the rental property or the collection of property taxes based on reassessment. Further, as noted by the District Court, even if Hill had standing to bring his complaint of an illegal taxation scheme, the District Court would lack subject matter jurisdiction in light of the Federal Tax Injunction Act, 28 U.S.C. § 1341. See Behe v. Chester County Bd. Of Assessment Appeals, 952 F.2d 66, 68 (Federal Tax Injunction Act bars federal jurisdiction over homeowners' claims of unfair taxation and violations of due process and equal protection, because Pennsylvania offers adequate remedy to challenge property assessment procedures).

On appeal, Hill argues that the District Court erred in concluding that Hill could have amended his previous complaint to present his additional allegations of injury, rather than commencing this second lawsuit. Hill states that he could not have amended his previous complaint (which was dismissed in December 2004) with his allegation of new injury, because his rent was increased in 2005. Be that as it may, that circumstance does not alter our analysis in concluding that this appeal lacks legal merit.

For the reasons stated, we will dismiss this appeal under section 1915(e)(2)(B).