

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# Jeffrey Hill v. James Carpenter

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2058

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jeffrey Hill v. James Carpenter" (2009). *2009 Decisions.* Paper 1501.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1501

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2058
_____

JEFFREY DAVID HILL,
                                        Appellant
v.

JAMES CARPENTER; CENTURY 21 APPRAISALS OF MIDDLETOWN, PA;
RICHARD NASSBERG; REBECCA BURKE; ERNEST LARSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:08-cv-00591)
District Judge:  Honorable James F. McClure

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 9, 2009

Before: SLOVITER, AMBRO and STAPLETON, Circuit Judges

(Opinion filed: April 22, 2009)

_____

OPINION
_____

PER CURIAM

    Jeffrey Hill, proceeding pro se, appeals the order of the United States District

Court for the Middle District of Pennsylvania denying his recusal motion, dismissing his

complaint, and barring him from filing any future civil action in that judicial district.  For

the reasons that follow, we will affirm the Court's denial of the recusal motion and dismissal of the complaint, vacate the Court's imposition of sanctions against Hill, and remand for further proceedings.

## I.

Over the last twenty years, Hill has brought dozens of pro se cases in federal court and has filed seventy-three appeals with this Court. In April 2008, Hill filed the present pro se complaint in the Middle District of Pennsylvania against individual commissioners of Lycoming County, Pennsylvania, as well as other defendants. This action is the third Middle District of Pennsylvania lawsuit in which Hill has alleged sweeping corruption, fraud, and general unfairness in the reassessment of real estate values in Lycoming County. The District Court dismissed the two previous lawsuits, filed in 2004 and 2005, respectively, for lack of standing, and we affirmed both of those judgments. See Hill v. Nassberg, No. 05-3717 (3d Cir. Feb. 8, 2006); Hill v. Nassberg, No. 04-4570 (3d Cir. May 12, 2005).

Unlike those prior two cases, Hill brought the present suit in his capacity as a property taxpayer. His complaint asserted claims under the Major Fraud Act, 18 U.S.C. § 1031, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., 42 U.S.C. §§ 1983 and 1985, a federal criminal statute concerning treason, 18 U.S.C. § 2381, and numerous Pennsylvania criminal statutes. Hill alleged that, in 2004, Lycoming County tax assessors deliberately undervalued real estate owned by the

wealthy and "politically-connected," while at the same time overvaluing real estate owned by poorer individuals. He claimed that, as a result, these poorer citizens, including himself, have borne the burden of disproportionately high property taxes.

Hill's complaint sought damages, an "immediate" jury trial, the case's referral to the offices of the U.S. Attorney and Pennsylvania Attorney General, "[w]histleblower protection against retaliation," a fair market value reassessment of the relevant real estate, class action certification, the removal of Defendant Century 21 Appraisals from the Lycoming County Assessment Office, a temporary restraining order and/or preliminary injunction, and the revocation of various professional licenses and certifications. Along with the complaint, Hill filed a motion to recuse Judge James F. McClure. This motion contained extremely disrespectful language directed at the Court.

Two days after Hill commenced this action, the District Court dismissed his complaint and denied his motion for recusal. In its order, the District Court noted that Hill had a "long history of filing frivolous and malicious complaints in this district," and that "these complaints have contained disrespectful and abusive language towards the court and the defendants." District Court Order of Apr. 4, 2008, at 2. The Court recalled that, in 1996, in an effort to curtail these types of filings, it had forbidden Hill from

> bring[ing] a civil action in this court if he has, on 3 or more prior occasions
> after the date of this order, brought an action or appeal in a court of the
> United States that was dismissed pursuant to this order or on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may
> be granted.

3

Order at 14, <u>Hill v. Gates</u>, No. 96-1572 (M.D. Pa. Sept. 18, 1996). This order also barred Hill "from filing any document which is replete with offensive, derogatory material." <u>Id.</u> at 10.

The District Court noted that, despite its 1996 order, Hill had subsequently filed as many as nine actions in the district that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, the Court, invoking its authority under Fed. R. Civ. P. 11(c), ruled that Hill was "forever barred from bringing a civil action in the Middle District of Pennsylvania," and that the Court would initiate contempt proceedings against him if he violated this order. District Court Order of Apr. 4, 2008, at 4. The Court recognized the gravity of this "extreme sanction," but nonetheless concluded that such a sanction was "warranted based on Hill's reprehensible conduct of abusing the federal court system over the course of approximately twenty-years." <u>Id.</u> at 4-5. Although the Court stated that it need not consider the merits of the instant action, it concluded that, pursuant to 28 U.S.C. § 1915(e)(2)(B), Hill's complaint failed to state a claim. Hill now appeals the Court's denial of his recusal motion, dismissal of his complaint, and imposition of sanctions.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Hill's complaint, and may affirm on any ground supported by the record. See <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240

4

(3d Cir. 1999). We review the Court's denial of Hill's recusal motion and its imposition of sanctions against Hill for abuse of discretion. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356-57 (3d Cir. 1990).

### A.

Hill first challenges the District Court's denial of his recusal motion. Pursuant to 28 U.S.C. § 144, a federal district court judge must recuse if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [that party] or in favor of any adverse party." Moreover, regardless of whether a party files a recusal motion, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Hill's recusal motion consisted of disrespectful language and scathing, conclusory allegations. The crux of Hill's argument was that Judge McClure had showed bias against him in prior cases. Hill's motion, however, failed to provide evidence to support this accusation, and most of his allegations were simply opinions. See United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (stating that "[c]onclusory statements and opinions" made by a litigant in his 28 U.S.C. § 144 affidavit "need not be credited"). Hill's disagreement with Judge McClure's rulings in Hill's previous cases is also insufficient to dictate recusal. See Jones, 899 F.2d at 1356. Accordingly, Hill has failed to demonstrate that Judge McClure abused his discretion in declining to recuse himself.

5

B.

Hill next challenges the District Court's dismissal of his complaint. The Tax Injunction Act prohibits a federal court from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Additionally, the Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts" so long as "plain, adequate, and complete" remedies are available in state court. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981).[1] As we have explained:

> [t]aken together, the Tax Injunction Act and the Supreme Court's decision in McNary make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes . . . if a sufficient remedy . . . is available in state court.

Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998).

This Court repeatedly has held that the Pennsylvania state courts provide a "plain, speedy, and efficient" remedy for challenges to a county's assessment of real property taxes. See, e.g., Gass v. County of Allegheny, Pa., 371 F.3d 134, 137-38 (3d Cir. 2004).

---

[1]The McNary Court stated that:

> We discern no significant difference, for purposes of the principles recognized in this case, between remedies which are "plain, adequate, and complete," as that phrase has been used in articulating the doctrine of equitable restraint, and those which are "plain, speedy and efficient," within the meaning of § 1341.

454 U.S. at 116 n.8.

6

Indeed, Hill has not demonstrated that the state's "fully-developed administrative and judicial apparatus" by which a taxpayer may challenge an assessment of his property, see id. at 140, has become inadequate or unavailable since Gass. Hill's challenge to Lycoming County's tax reassessment thus fails for want of subject matter jurisdiction and was dismissed properly by the District Court.

C.

Hill lastly contests the District Court's order barring him from filing any future civil action in the Court's judicial district. Under Fed. R. Civ. P. 11(c), a federal court may impose sanctions sua sponte, provided the court affords the party facing the threat of sanctions notice and a reasonable opportunity to respond. The sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The District Court clearly was within its discretion to impose sanctions against Hill, as his filings in this case contained wholly inappropriate language and showed a complete lack of respect for the Court and the judicial process. Moreover, the instant case is but one of many non-meritorious actions Hill has filed over the years, and it is not the first instance in which Hill has used disrespectful and abusive language. Nonetheless, there is no indication that the Court gave Hill adequate notice and an opportunity to respond before imposing sanctions. See Brow v. Farrell, 994 F.2d 1027, 1038 (3d Cir. 1993) ("If the circumstances warrant the imposition of an injunction [restricting a

7

litigant's ability to file future law suits], the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue."); see also In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982) ("[The litigant] should have been provided with an opportunity to oppose the court's order [enjoining him from filing future cases] before it was instituted.")  The imposed sanctions, which bar Hill from ever bringing another lawsuit in the district, were also overly broad.  See In re Packer Ave. Assocs., 884 F.2d 745, 748 (3d Cir. 1989) ("There simply is no support in the law for permitting an injunction prohibiting a litigant from ever filing a document in federal court."); see also Brow, 994 F.2d at 1038 ("[T]he scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the District Court.").  Thus, we must vacate the Court's injunction barring Hill from bringing any future civil suit in the Middle District of Pennsylvania.

In lieu of the vacated injunction, we recommend that the District Court—after providing notice and an opportunity to respond—consider adopting an order requiring Hill to obtain certification from a United States Magistrate Judge before bringing any future action in the Middle District of Pennsylvania.  Such an approach has been endorsed by Courts of Appeals, see, e.g., Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 186–94 (5th Cir. 2008) (upholding an injunction preventing an abusive litigant from filing claims in any federal district court, bankruptcy court, or agency without court permission); Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to

8

require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); In re Packer Ave. Assoc., 884 F.2d at 748 (requiring a litigant to obtain leave of the district court before filing any action relating to a particular bankruptcy case); Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) ("[D]istrict courts in this circuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints."), and it would prevent Hill from pursuing frivolous actions without denying him access to the courts.

In addition, it may be appropriate to impose contempt sanctions against Hill for his blatant violation of the order prohibiting him "from filing any document which is replete with offensive, derogatory material." Order at 10, Hill v. Gates, No. 96-1572 (M.D. Pa. Sept. 18, 1996). Hill's complaint and appellate filings are brimming with vile and outrageous remarks that demean the judiciary and warrant a strong rebuke.

In light of the foregoing, we will affirm the District Court's denial of Hill's recusal motion and dismissal of Hill's complaint. We will vacate the sanctions imposed against Hill and remand so that the District Court may, after providing Hill with notice and an opportunity to be heard, impose more tailored sanctions against him.