ALD-125                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2616
_____

JEFFREY DAVID HILL,
                              Appellant

v.

RICHARD E. UMPSTEAD, JR.;
WILLIAM RAMSEY; MUNCY BOROUGH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-15-cv-00587)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  February 2, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeffrey David Hill appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint pursuant to an order prohibiting him from filing civil actions without prior certification from a Magistrate Judge. For the following reasons, we will affirm.

Hill is a prodigious litigant who, since the late 1980s, has filed numerous lawsuits in the Middle District of Pennsylvania and appeals in this Court. In 2008, the District Court "forever barred [Hill] from bringing a civil action in the Middle District of Pennsylvania," and stated that he would be subject to contempt proceedings if he violated the order. Hill v. Carpenter, 2008 WL 936927, at *2 (M.D. Pa. Apr. 4, 2008). On appeal, we held that the "District Court clearly was within its discretion to impose sanctions against Hill," but we vacated the injunction because "there [was] no indication that the Court gave Hill adequate notice and an opportunity to respond before imposing sanctions." Hill v. Carpenter, 323 F. App'x 167, 171 (3d Cir. 2009). We recommended that the District Court consider issuing an order requiring Hill to obtain certification from a Magistrate Judge before bringing any future action. Id. at 171-72. Notably, we stated that the District Court should "impose more tailored sanctions against him." Id. at 172. On remand, after providing Hill with notice and an opportunity to respond, the District Court "sanction[ed] Hill by requiring him to receive certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania." Hill v. Carpenter, 2011 WL 676810, at *2 (M.D. Pa. Feb. 16, 2011).

2

In March 2015, Hill filed a "civil rights – racketeering complaint" in the District Court, which contained allegations pertaining to a dispute over snow removal in his neighborhood during the winter of 2014-2015.[1]  He named as defendants the Borough of Muncy, Pennsylvania, the Borough Manager, and a Borough snow plow driver.  The Magistrate Judge declined to certify the action for filing, concluding that it was "legally and factually frivolous."  Hill submitted a "Writ of Error/Writ of Prohibition," which the District Court treated as objections to the Magistrate Judge's recommendations.  By order entered June 25, 2015, the District Court adopted the Report and Recommendation and dismissed the complaint.  Hill appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm on any basis supported by the record.  See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).  We also may summarily affirm if the appeal presents no substantial question.  See 3d Cir. LAR 27.4; I.O.P. 10.6.

District Courts in this Circuit may issue an injunction to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court

_____

[1] To the extent that Hill's complaint included civil rights claims related to his decades-old convictions, see Hill v. Thorne, 635 A.2d 186, 187 (Pa. Super. Ct. 1993) (noting that the Pennsylvania Supreme Court reversed Hill's criminal convictions), the claims are time-barred and not subject to tolling.  See Lake v. Arnold, 232 F.3d 360, 368-69 (3d Cir. 2000) (noting that a two-year statute of limitations applies to civil rights actions originating in Pennsylvania); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (holding that statute of limitations may be raised sua sponte where the defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate).

3

before filing further complaints. See Chipps v. U.S. Dist. Ct. for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). We have recognized, however, that a pre-filing injunction is an extreme remedy which must be "narrowly tailored and sparingly used." Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) (quoting In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989)). "Narrowly tailored" means fitting the language of the injunction to the particular circumstances of the case. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). Thus, we have approved of an order "directing that the litigant not file any section 1983 claims without leave of court and that in seeking leave of court, the litigant certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law." Abdul-Akbar, 901 F.2d at 333. Here, the District Court's pre-filing injunction – which "sanction[ed] Hill by requiring him to receive certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania" – fails to comport with our direction that it "impose more tailored sanctions against him." Hill, 323 F. App'x at 172. Despite this failure, however, the District Court properly dismissed Hill's complaint because, for the reasons provided below, his claims lack merit.

Hill alleged that a Borough snow plow damaged a hedge on his property, failed to clear the snow from a section of an alley adjacent to his home, splashed a significant amount of "street slush" on the sidewalk near where he was standing, and purposely

4

deposited a substantial amount of snow in front of his garage.[2]  Hill also complains about a letter from the Borough Manager, directing Hill to trim his hedge, and noting that failure to comply within 10 days would result in referral of the matter to the police department or code inspection department for issuance of a "notice of violation."  These facts do not support a claim under 42 U.S.C. § 1983 because they do not implicate a violation of a federal constitutional or statutory right.[3]  See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (providing that to assert a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor.").  In addition, Hill did not set forth sufficient grounds for a federal court to exercise diversity jurisdiction over any state law causes of action, see 28 U.S.C. § 1332, and there is no indication that it would have been appropriate for the District Court to exercise supplemental jurisdiction over those claims.  See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent

---

[2] Hill also seemingly attempted to bring claims on behalf of his neighbors, who he alleged were likewise injured by improper snow removal.  These claims are barred for lack of standing, however, because "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991).

[3] Hill's conclusory assertion that the defendants' actions constitute civil racketeering activity, without more, is insufficient to state a claim for relief under 18 U.S.C. § 1962. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) (holding that allegations supporting a conspiracy claim under civil RICO must be sufficiently specific).

state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quotation marks omitted).

For the foregoing reasons, this appeal presents no substantial question. Accordingly, we will summarily affirm.