**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2214
_____

JEFFREY D. HILL,
                                        Appellant

v.

LYCOMING COUNTY GOVERNMENT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-20-cv-02397)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 11, 2022

Before: KRAUSE, BIBAS, and SCIRICA, *Circuit Judges*

(Opinion filed: March 14, 2022)

_____

_____

OPINION*
_____

PER CURIAM

Appellant Jeffrey D. Hill, proceeding pro se and in forma pauperis, appeals from an order of the United States District Court for the Middle District of Pennsylvania imposing a filing injunction. For the reasons discussed below, we will affirm.

I.

Hill filed this action against the County of Lycoming, Pennsylvania, alleging violations of state and federal statutes and constitutional provisions arising out of a 2004 property tax assessment. The District Court adopted the recommendation of a Magistrate Judge to, inter alia, dismiss Hill's complaint without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii). In its dismissal order, the District Court also remanded to the Magistrate Judge for further proceedings pertaining to the imposition of an appropriate sanction against Hill, who has been a prolific litigator in federal court. After providing Hill with an opportunity to respond, the Magistrate Judge recommended that he "be enjoined from filing any new civil case in the U.S. District Court for the Middle District of Pennsylvania that includes any claim related to the 2004 Lycoming County property tax assessment on an in forma pauperis basis, unless he does so through counsel." *See* Dkt. #13 at 17. Hill did not file

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

objections, and the District Court adopted the Magistrate Judge's recommendation in an order entered June 15, 2021.[1] Hill timely appealed.

## II.

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts may impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. *See In re Oliver*, 682 F.2d 443, 445–46 (3d Cir. 1982). A filing injunction is an extreme measure that must "be narrowly tailored and sparingly used." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). Accordingly, a district court must comply with the following requirements when imposing one: (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the district court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). We review the imposition of a filing injunction for abuse of discretion. *See In re Packer Ave. Assocs.*, 884 F.2d at 747.[2]

Although Hill argues that the injunction is an "attempt to protect [the] corrupt 2004 reassessment," Appellant's Br. 3, we agree with the District Court that exigent

---

[1] Because the District Court adopted the Report and Recommendation, we will refer to the reasoning therein as the reasoning of the District Court throughout this opinion.

[2] We note that Hill filed a notice of appeal from the District Court's underlying dismissal order while sanctions proceedings were ongoing. The dismissal order was a final judgment on the merits despite the outstanding issue of the filing injunction. *See* 28 U.S.C. § 1291; *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395–96 (1990) (reasoning that "[i]t is well established that a federal court may consider collateral issues," including attorney's

3

circumstances existed here justifying its imposition. Hill has filed dozens of actions in the Middle District of Pennsylvania and numerous appeals in this Court over the past several decades, often utilizing offensive and derogatory language towards the courts and parties. And as the District Court noted, five of Hill's prior meritless lawsuits raised similar, sweeping allegations of corruption and fraud in the 2004 tax assessment. *See Hill v. Carpenter*, 323 F. App'x 167, 171 (3d Cir. 2009) (per curiam) (affirming dismissal based on lack of subject matter jurisdiction); *Hill v. Nassberg*, 166 F. App'x 608, 609–10 (3d Cir. 2006) (per curiam) (dismissing appeal under 28 U.S.C. § 1915(e)(2)(B) upon concluding that the District Court correctly found that it lacked subject matter jurisdiction over complaint and that Hill lacked standing to challenge tax assessment); *Hill v. Nassberg*, 130 F. App'x 615, 616 (3d Cir. 2005) (per curiam) (similar); *Hill v. Carpenter*, No. 4:11-mc-243, 2012 WL 3779364, at *1–2 (M.D. Pa. Aug. 30, 2012) (dismissing complaint as frivolous); *Hill v. Century 21 Appraisals*, No. 4:11-mc-297, 2012 WL 3779414, at *1–2 (M.D. Pa. Aug. 30, 2012) (same). Indeed, we have previously observed that it would be appropriate to sanction Hill, although we have noted that prior filing injunctions either failed to satisfy the notice requirement or were overly broad. *See Hill*, 323 F. App'x at 171; *see also Hill v. Umpstead*, 639 F. App'x 60, 62 (3d Cir. 2016) (per curiam).

---

fees and sanctions, "after an action is no longer pending"). After the District Court denied Hill's motion to extend his time to appeal from that order—a decision that this Court affirmed, *see Hill v. Lycoming Cnty. Gov't*, No. 21-2017, 2021 WL 4240358 (3d Cir. Sept. 17, 2021)—Hill's untimely appeal from the dismissal order was dismissed for lack of appellate jurisdiction. *See* C.A. No. 21-1447. Therefore, our jurisdiction here is limited to reviewing the District Court's June 2021 order imposing a filing injunction.

Along those lines, the District Court afforded Hill ample notice in this case. The Magistrate Judge first gave notice of a possible sanction upon recommending dismissal of Hill's complaint. After the District Court adopted that recommendation and remanded to the Magistrate Judge for further proceedings regarding an appropriate sanction, the Magistrate Judge ordered Hill to show cause why an injunction should not issue, laying out with specificity the injunction being considered. The Magistrate Judge considered Hill's response in recommending an injunction and reasonably addressed the arguments raised therein.

The injunction was also properly narrow in scope, enjoining only Hill's filing, in forma pauperis, of any new civil case in the Middle District of Pennsylvania including any claim related to the 2004 Lycoming County property tax assessment, unless done so through counsel. The injunction thus applies only to complaints with claims pertaining to the same subject matter at issue here and does not restrict Hill's ability to file complaints concerning matters unrelated to the tax assessment. *See Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987) (recommending that district court consider limiting any injunction "to the preclusion of future lawsuits arising out of the same matters that were the subject of the" plaintiff's prior dismissed actions). Hill is also not even precluded from *ever* raising a claim challenging the 2004 property tax assessment, as he may still do so through counsel or if he pays the filing fee. The injunction here is also significantly narrower than a 2008 sanction we previously vacated that "forever barred [Hill] from bringing a civil action in the Middle District of Pennsylvania," *see Hill*, 323 F. App'x at 169, 171, as well as a 2011 injunction generally requiring Hill to "receive certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania," *see Hill*, 639 F.

5

App'x at 62 (observing that injunction failed to comport with our previous direction that the District Court "impose more tailored sanctions against [Hill]" (internal quotation marks omitted)).

We therefore conclude that the District Court's injunction was warranted and complied with the requirements set forth in *Brow*, 994 F.2d at 1038. Accordingly, the District Court did not abuse its discretion, and we will affirm