632 A.2d 928

COMMONWEALTH of Pennsylvania,

v.

**Jeffrey D. HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 1993.

Filed Oct. 29, 1993.

---

Jeffrey D. Hill, appellant, Pro Se.

Kenneth A. Osokow, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before OLSZEWSKI, POPOVICH and HESTER, JJ.

OLSZEWSKI, Judge:

Jeffrey Hill appeals the order of Specially Presiding Senior Judge G. Thomas Gates dismissing his petition for Post Conviction Relief without a hearing or the appointment of counsel. At this point we would ordinarily describe the procedural history of Hill's case, but the maze of Hill's voluminous *pro se* filings makes this undertaking nearly impossible. Since Hill offers us no statement of the facts or procedural history of his case, we are guided by Judge Gates' lengthy description in the opinion accompanying the above order. *See* appellee's brief, appendix 1.

This case stems from a fight in which Hill responded to non-deadly force by striking his assailant with either a razor or car keys. In 1986 Hill was charged with aggravated and simple assault, plus various other related charges. Throughout the judicial process Hill went through numerous counsel, and it appears that he has filed malpractice suits against all of them. (Hill has also sued various district attorneys, court-appointed physicians, judges, and his fellow combatant in the underlying assault charge.) Hill was convicted of aggravated assault, which we affirmed on appeal. *Commonwealth v. Hill*, 382 Pa.Super. 642, 549 A.2d 1339 (1988) (table). Hill has filed two PCRA petitions; the first one was somehow brought and dismissed before his direct appeal. We now consider an appeal of the second dismissed PCRA petition, which Hill brings *pro se.*

We are mindful that *pro se* appellants should be given wide latitude in conforming their briefs to the Rules of Appellate Procedure. Hill's handwritten appellate brief, however, contains little substantive argument; it is mostly pure invective. Hill rants over "the crooked Lycoming County kangaroo court," where "PATHOLOGICAL LIAR OSOKOW, THE PERJURER" (referring to District Attorney Kenneth Osokow) and "SENILE, BIGOTTED, INCOMPETENT, CORRUPT GATES THE HYPOCRITICAL ASSHOLE" (referring to Judge Gates) "railroaded" and "screwed" him with "deliberate and malicious perjuries." *See* appellant's brief, section mysteriously titled "Judicial Notice" (capitalization in

the original). This Court fares little better; Hill addresses the Superior Court as "SANCTIMONIOUS, SELF–RIGH-TEOUS CROOKS" and assures us that we are "ALL A BUNCH OF PERJURERS & CRIMINAL, ARROGANT, POMPOUS, HYPOCRITICAL, SANCTIMONIOUS BAS-TARDS." *Id.*

Hill is evidently a tad upset over his encounter with the judicial process. We might be willing to take Hill's anger and invective in stride, if only he would address some legal issues in his brief. Unfortunately, in venting his spleen, Hill has covered his substantive arguments with bile. We sense that Hill wishes to raise some issue about pursuing allocatur after losing his Superior Court appeal, and has another argument about after-discovered exculpatory evidence. But we cannot distill enough lucid discourse out of Hill's raging tirade to understand his allegations of error.

Hill's brief sets a new standard for scandalous and imperti-nent material. Setting aside the insults and abuse, Hill's brief is still so defective as to preclude any kind of appellate review. If our Supreme Court had granted allocatur, on what basis could they have given Hill relief? Why should the affidavit which Hill describes as after-discovered exculpatory evidence entitle him to a new trial? We cannot search a record which is not before us for possible abuses of discretion; it is incum-bent upon Hill to bring these matters to our attention, explain them and document them. Even with the most generous allowances for *pro se* drafting, we should not hesitate to simply quash his appeal. *See Commonwealth v. Jones,* 329 Pa.Super. 20, 477 A.2d 882 (1984) (appeal of order denying Post Conviction Hearing Act relief properly quashed where brief ignored and seriously undermined the Rules of Appellate Procedure); *see generally* Pa.R.A.P. 2101 (briefs shall conform with the requirements set forth in the Rules of Appellate Procedure, or appeal may be quashed).

But one event in Hill's tortured journey through our justice system gives us pause. It appears that in an earlier, unrelat-

ed criminal action against Hill,[1] our Supreme Court granted allocatur and reversed this Court's affirmance of Hill's conviction, remanding for a new trial. *Commonwealth v. Hill*, 523 Pa. 270, 566 A.2d 252 (1989). We note that in this earlier case, Hill was represented by counsel (who Hill is now suing for malpractice, naturally, despite counsel's improbable and heroic victory). But if Hill can take a case all the way to the state supreme court and win, we wonder if his present case before us might not have some merit hidden under its argumentative presentation. We feel Hill deserves a second chance to make his case before this Court.

Also, we sense that Hill's anger at the judicial system might be due in part to a mistaken presumption that this Court is familiar with the details of his case, but callously ignores what he perceives as injustice. Alas, we have no such knowledge. Hill, as appellant, is responsible for providing us with a statement of his case, an intelligible argument, and a record of the previous proceedings sufficient to support his argument. *See* Rules of Appellate Procedure 2111 (governing appellate briefs generally), 2117 (statement of the case), and 2151 (by leave of court appellant need not reproduce the entire record, but must provide us "with such copies of the record, or relevant parts thereof, as the court may require"). Because Hill has provided us with none of these necessities, we have only the opinion of Judge Gates and the brief of District Attorney Osokow to inform us—parties which Hill alleges to be corrupt and biased against him. To address Hill's appeal on its merits, we must understand his side of the story. We invite Hill to reason with us, rather than bludgeon us with epithets.

We therefore use the discretion granted us under Rule 2101 to craft a magnanimous and judicious response to Hill's rancorous appeal. We strike Hill's appellate brief for its incredibly gross failure to conform to the Rules of Appellate Procedure, and we give Hill thirty days to file a new, conforming brief. We caution Hill to observe the Rules of Appellate Procedure,

1. We presume it is unrelated to the present case because Hill gives us no explanation of either case.

especially rules 2101, 2111, 2114—2133 which govern briefs and the citations to the record. If Hill will put aside his anger at our judicial system long enough to cogently explain and support his allegations of error, sans invective, we will give him all consideration due a *pro se* appellant (with a previous victory in our Supreme Court to his credit). If Hill fails to produce such a brief, we will quash his appeal pursuant to Rule 2101. *See Commonwealth v. Jones, supra; see also Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982).

Brief stricken, and appellant ordered to file a conforming brief within thirty days, or face quashal. Jurisdiction retained by panel.

POPOVICH, J., concurs in the result.