**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Darnell BAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 31, 2003.

Filed July 2, 2003.

---

Dale W. Miller, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J., TODD and KELLY, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from the denial of Appellant's post-conviction petition as time-barred. We affirm.

¶ 2 Appellant was sentenced in 1989, following a jury trial for his conviction of involuntary deviate sexual intercourse, criminal conspiracy and indecent assault. The charges stemmed from the fifteen-year-old victim's reported attack by Appellant and two co-conspirators while they were each detainees at the Philadelphia Youth Study Center. Appellant's initial direct appeal to the Superior Court was dismissed, but later reinstated and his judgment of sentence was affirmed in August of 1994. The Supreme Court denied his petition for allowance of appeal on March 3, 1995. Appellant filed a PCRA petition on August 15, 2000. After appointing counsel, the PCRA court ultimately dismissed the petition as untimely noting that that it was not filed within one year of the date Appellant's judgment of sentence became final under 42 Pa.C.S.A. § 9545(b)(3), or within one year after the effective date of the amendments dated January 16, 1996. *Commonwealth v. Fenati,* 561 Pa. 106, 748 A.2d 205 (2000).

¶ 3 The PCRA court also rejected Appellant's claim that he properly invoked a statutory exception to the timeliness requirements as set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception allows the time bar to be extended where the petitioner alleges and proves that the facts upon which the claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. A petitioner alleging this exception must file his petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Vega,* 754 A.2d 714 (Pa.Super.2000). In addition, he has to show that these new facts constitute "exculpatory evidence" that would have changed the outcome of the trial if it had been introduced. *Commonwealth v. Palmer,* 814 A.2d 700, 706 (Pa.Super.2002).

¶ 4 Appellant alleges that his request for DNA testing on the victim's clothing and towel, which tested positive for spermatozoa, would reveal no connection to him and this constitutes "after-discovered evidence." However, testing has not yet been performed, and thus there is no new after-discovered evidence

upon which to support an exception to the timelines requirements of the PCRA. Appellant concedes that he has no "facts" to plead or prove at this point and that "until those results are performed, no argument can be made by either side for a new trial." Appellant's Brief at 6. Because there are no after-discovered "facts" in this case and nothing to allege or prove which can be considered exculpatory, the exception set forth in § 9545(b)(1)(ii) is not applicable.[1] The PCRA court properly denied Appellant's petition as time-barred.

¶ 5 Order affirmed.

---

1. As noted by the Commonwealth, the legislature has amended the PCRA to add a provision for the making of a motion for post-conviction DNA testing, effective September 8, 2002. See 42 Pa.C.S.A. § 9543.1(a)(1). We make no comment upon the ultimate success of such a motion should Appellant elect to proceed with it.