Charles Stephon WILLIAMS,
Appellant,

v.

ERIE COUNTY DISTRICT ATTORNEY'S OFFICE and Bradley H. Foulk, District Attorney in His Official Capacity, Appellees.

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.
Filed April 20, 2004.

Charles S. Williams, appellant, pro se.

Bradley H. Foulk, Assistant District Attorney, for appellee.

Before: LALLY–GREEN, MONTEMURO,* and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 In this case, we consider for the first time whether and to what extent 42 Pa. C.S. § 9543.1, which governs post-conviction requests for DNA testing, applies to petitioners who have pleaded guilty to the underlying charge. The question arises in the context of Charles Stephon Williams's *pro se* challenge to the trial court's order denying his post-conviction discovery request. He contends that the court's refusal to provide him with documentary and physical evidence for purposes of DNA testing, or alternatively to order such testing, violated his confrontation and due process rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, § 9 of the Pennsylvania Constitution. He fails, however, to explain why he should be permitted such discovery, years after his guilty plea, or alternatively to demonstrate that the trial court erred or abused its discretion in denying his petition. Consequently we affirm.

¶ 2 On November 12, 1995, Williams was charged with endangering the welfare of children. After additional charges related to the same arrest were filed against Williams, he pleaded guilty. We denied Williams's direct appeal in 1997. *See Commonwealth v. Williams,* 707 A.2d 554 (1997) (table), *appeal granted,* 735 A.2d 1269 (table), *appeal dismissed as improvidently granted,* 737 A.2d 250 (Pa.1999). On May 23, 2003, Williams filed with the trial court a Petition to Inspect and Test Evidence and Production of Discovery. On May 29, 2003, the trial court denied Williams's petition. The trial court's order stated that "[t]his is a discovery request related to criminal docket number 251 of 1996. The petitioner's conviction on that offense was affirmed by the Superior Court of Pennsylvania on August 2, 2001 [*sic*]. Therefore he is not entitled to relief." Order, 5/29/03. The trial court's Memorandum Opinion in support of this order, filed pursuant to Pa.R.A.P.1925(a), stated that "this Court respectfully submits a copy of its Order dated May 29, 2003 which fully addresses the relevant issues in this case. Based upon the above, it is respectfully requested that this Court's Order of May 29, 2003 be affirmed." Memorandum Opinion, 7/8/03.

* Retired Justice assigned to the Superior Court.

¶ 3 From the trial court's Order denying his petition, Williams appeals, presenting the following questions for our review:

A. Whether the Lower Court committed legal error in denying the appellant's "Petition to Inspect and Test Evidence and Production of Discovery," depriving him [of the opportunity] to present evidence of innocence in a State Court, Federal Court, and/or before the Pennsylvania Board of pardons; in violation of the Confrontation and Compulsory Process Clauses of the Sixth Amendment of the United States Constitution and article 1, § 9 of the Pennsylvania Constitution?

B. Whether the Lower Court committed legal error in denying the appellant's "Petition to Inspect and Test Evidence and Production of Discovery," depriving him of access to a State Court and Federal Court to effectively litigate his claim of innocence in obtaining legal relief; in violation of Due Process and Equal Protection of the Fourteenth Amendment of the United States Constitution and article 1, § 9 of the Pennsylvania Constitution?

Brief for Appellant at 3. Williams thus challenges the same order on two constitutional bases: the Confrontation Clauses, found in the Sixth Amendment to the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution; and due process, protected by the Fourteenth Amendment to the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution. Based on our most favorable reading of the argument set forth by Williams, we cannot agree with any of his claims.

■ ¶ 4 We begin by acknowledging that Williams's petition, in effect, constitutes a request for post-conviction relief. We evaluate any post-conviction petition under the Post Conviction Relief Act

(PCRA), see 42 Pa.C.S. §§ 9541–46, regardless of the title of the document filed. See Commonwealth v. Hutchins, 760 A.2d 50 (Pa.Super.2000); see also Commonwealth v. Chester, 557 Pa. 358, 733 A.2d 1242, 1250–51 (1999) ("The legislature has clearly directed that the PCRA provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies . . . ."). To this end, Williams acknowledges as much when he notes that he "is appealing a denial of post-conviction relief without an evidentiary hearing w[h]ere the appellant is seeking DNA testing and has asserted his innocence." Brief for Appellant at 10.

¶ 5 When reviewing the denial of a PCRA petition, our scope of review is "limited by the parameters of the act." Commonwealth v. Strong, 563 Pa. 455, 761 A.2d 1167, 1170, n. 3 (2000). Our standard of review permits us to consider only "whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." Commonwealth v. Williams, 557 Pa. 207, 732 A.2d 1167, 1176 (1999). Moreover, in general we "may affirm the decision of the trial court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm." Commonwealth v. O'Drain, 829 A.2d 316, 321 n. 7 (Pa.Super.2003).

■ ¶ 6 First, we must determine whether the trial court had jurisdiction to review Williams's Petition, which was filed nearly seven years after his conviction became final. The PCRA provides that any PCRA petition "shall be filed within one year of the date the judgment becomes final," barring some indication on the petition that one of several exceptions applies. 42 Pa.C.S. § 9545(b). Circumstances excusing untimeliness are government interference preventing the petitioner from

raising the issue at an earlier · time; the emergence of after-discovered evidence; or the development by the United States Supreme Court or the Pennsylvania Supreme Court of a new and pertinent constitutional right and a holding that said right shall apply retroactively. *See* 42 Pa. C.S. §§ 9545(b)(1)(i)-(iii). Because timeliness implicates the jurisdiction of this Court, we may not disregard timeliness requirements in order to reach the merits of the claims. *See Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201, 203 (2000).

¶ 7 Our review of the record discloses no clear basis on which to argue that any of these exceptions applies to excuse the drastic untimeliness of Williams's petition. Moreover, Williams fails to provide authority or evidence suggesting that any exception applies. Although we grant "wide latitude" to *pro se* appellants, we cannot overlook an absence of substantive argument on something as important as the PCRA court's jurisdiction to review an applicant's petition. *See Commonwealth v. Hill,* 429 Pa.Super. 421, 632 A.2d 928, 928 (1993). Consequently, to the extent Williams's appeal relies on § 9545 (*i.e.,* the request for production of documents unrelated to DNA testing), · the trial court lacked jurisdiction to review the merits of Williams's petition, and his appeal is hereby dismissed due to the underlying petition's untimeliness.

■ ¶ 8 This defect does not end our discussion, however, because Williams argues that he is entitled to physical evidence for purposes of DNA testing, Brief for Appellant at 8–11, 15–16, which may require the application of timeliness rules that differ from those generally applicable under the PCRA. *See Commonwealth v. McLaughlin,* 835 A.2d 747 (Pa.Super.2003) (acknowledging that a trial court may order DNA testing at the request of the applicant prior to determining whether to apply the PCRA's timeliness exception for after-discovered evidence). This argument brings us into the realm of after-discovered evidence. *See, e.g., Commonwealth v. Baker,* 828 A.2d 1146 (Pa.Super.2003). In *Baker,* we declined to find the mere prospect of exculpatory DNA evidence sufficient to fall within the PCRA's timeliness exception for after-discovered evidence. *See id.* at 1147–48. Because the testing at issue in that case had not yet been ordered, we held that the lack of test results meant that there could be "no new after-discovered evidence upon which to support an exception to the timeliness requirements of the PCRA," and that § 9545(b)(1)(ii) therefore could not save Baker's petition. *Id.* We also noted the newly-minted amendment to the PCRA concerning post-conviction DNA testing codified at 42 Pa.C.S. § 9543.1. Insofar as Baker had failed to argue his claim by reference to that section, however, we made "no comment upon the ultimate success of such a motion should Appellant elect to proceed with it." *Id.* at 1148, n. 1.

¶ 9 The above-mentioned new section of the PCRA took effect on September 8, 2002. Thus, only two cases reviewing claims that rely on § 9543.1 have been the subject of binding precedent, both in this Court. *See McLaughlin,* 835 A.2d 747; *Commonwealth v. Weeks,* 831 A.2d 1194 (Pa.Super.2003). Our Supreme Court has yet to grant either of these cases review or otherwise consider § 9543.1. Relevantly, § 9543.1 provides as follows:

**§ 9543.1. Postconviction DNA testing**

(a) Motion.—

(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment ... may apply by making a written motion to the sentencing court for the performance of forensic DNA

testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

\* \* \* \* \* \*

(c) Requirements.—In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1) (i) specify the evidence to be tested;

(ii) state the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2) (i) assert the applicant's actual innocence of the offense for which the applicant was convicted;

\* \* \* \* \* \*

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S. § 9543.1

¶ 10 Soon after § 9543.1 took effect, questions arose regarding timeliness, and therefore jurisdiction, *see Murray,* 753 A.2d at 203, under its provisions. In *Weeks,* we held that

Post conviction DNA testing does not directly create an exception to § 9545's one-year time bar. *See* 42 Pa.C.S.A. § 9543.1. Rather it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2). *See* 42 Pa.C.S.A. § 9543.1(f)(1).

831 A.2d at 1196. Thus, in *McLaughlin,* we held that an appellant's "motion for DNA testing (filed in advance of utilizing the PCRA as a vehicle to obtain DNA results) avoids the one year time bar of 42 Pa.C.S.A. § 9545." 835 A.2d at 750. Thus, on its face, Williams's petition is not time-barred under § 9543.1.

■ ¶ 11 We emphasize, however, that our initial finding that *McLaughlin* protects the timeliness of Williams's petition in this case does not mark the end of the obstacles Williams must negotiate before we consider the merits of his petition. Next, we must determine whether the plain language of § 9543.1, which indicates that its provisions apply only to protect those who were *convicted* of a crime, *see* 42 Pa.C.S. § 9543.1(a)(1), applies where the defendant has pleaded guilty. "Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Guth,* 735 A.2d 709, 711, n. 3 (Pa.Super.1999). Post-conviction review of guilty pleas under the PCRA is commensurately circumscribed, explicitly permitting such a challenge only where the plea is "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii).

¶ 12 Pennsylvania courts have yet to determine whether and to what extent § 9543.1 applies to a PCRA petitioner whose challenged judgment of sentence follows a guilty plea. In making a first effort at this enterprise, we are guided by our principles of statutory interpretation, which furnish the following guidance: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Thus, we look to § 9543.1 to determine whether any language speaks to its application to a petitioner who pleaded guilty to the underlying charge, or alternatively whether any ambiguity in its provisions leaves open that possibility, thus requiring a deeper examination of "the intention of the General Assembly." *See* 1 Pa.C.S. § 1921(c).

¶ 13 We find that the language of § 9543.1 clearly precludes that section's application to petitioners seeking to challenge convictions resulting in guilty pleas by reference to DNA evidence. Section 9543.1 sets forth certain mandatory requirements that must be satisfied in order to permit the trial court to order DNA testing pursuant to a petition seeking such data. Specifically, Section 9543.1(c) requires an applicant to specify the evidence to be tested, explicitly state his or her consent to provide samples of bodily fluid for use in testing, and acknowledge that any data found pursuant to the requested testing may be used against him or her. *See* 42 Pa.C.S. §§ 9543.1(c)(1)(i)-(iii). It also requires that the applicant assert actual innocence of the offenses for which the applicant was convicted. *See id.* § 9543.1(c)(2). Finally, and crucially, it requires the applicant to present a "prima facie case" showing that:

(i) [the] identity of or participation in the crime by the perpetrator was at issue in the proceedings that resulted in

the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

*Id.* § 9543.1(c)(3).

¶ 14 In light of this language, we are constrained to interpret § 9543.1 to preclude application to an applicant who has pleaded guilty. Subsection 9543.1(c)(3) requires the applicant to demonstrate that the "identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction." *Id.* § 9543.1(c)(3)(i). We fail to see how this mandatory element of an applicant's *prima facie* case can be demonstrated where he pleaded guilty, thus nullifying any subsequent claim that the "identity of or the participation in the crime by the perpetrator was at issue." *Cf. Guth*, 735 A.2d at 711 n. 3. Indeed, on the plain language of the statute, such a claim also must fail because we do not read the statute's use of "proceedings" to encompass negotiations between the prosecution and the defense regarding plea bargains.

¶ 15 To be clear, our ruling under § 9543.1 does not purport to respond to the broader question of whether other provisions of the PCRA may permit DNA testing to challenge the legality of a guilty plea. Indeed, § 9543 plainly permits a challenge to a guilty plea where the applicant alleges that his or her plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). This provision, however, is subject to the general PCRA timeliness

requirements articulated in § 9545, rather than the *McLaughlin* standard we apply under § 9543.1. Consequently, even had Williams demonstrated grounds for DNA testing under § 9543(a)(2)(iii), his petition would be subject to the time bar discussed in the first part of this Opinion. Consequently, to the extent we read his petition to seek relief under § 9543(a)(2)(iii), the PCRA court lacked jurisdiction to examine the merits of the petition, and Williams's appeal consequently is dismissed for this deficiency.

¶ 16 For all the foregoing reasons, we affirm the trial court's order denying Williams's Petition to Inspect and Test Evidence and Production of Discovery.

¶ 17 Order AFFIRMED.