J-S50035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWARD HULL, | |
| Appellant | No. 425 WDA 2014 |

Appeal from the PCRA Order entered January 27, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0007650-1999
& CP-02-CR-0008641-1999

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 11, 2014**

James Edward Hull ("Appellant") appeals *pro se* from the order entered denying his motion for DNA testing pursuant to section 9543.1 of the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On June 21, 2001, Appellant entered guilty pleas at two separate dockets to various sexual offenses involving a male victim under the age of sixteen, and a female victim under the age of thirteen.  That same day, the trial court sentenced him at both dockets to an aggregate term of seven to fourteen years of incarceration, and a consecutive eleven years of probation.  On August 15, 2001, Appellant filed an untimely *pro se* notice of appeal.  Appellant subsequently filed a PCRA petition, and the PCRA court reinstated Appellant's direct appeal rights on January 25, 2005.

Appellant then filed a timely appeal. In an unpublished memorandum filed on February 27, 2007, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Hull*, 924 A.2d 692 (Pa. Super. 2007). On July 10, 2007, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Hull*, 927 A.2d 623 (Pa. 2007).

On August 23, 2007, Appellant filed a *pro se* PCRA petition. Counsel was appointed, and on February 11, 2008, PCRA counsel filed an amended petition. On July 8, 2008, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. By order entered August 12, 2008, the PCRA court denied Appellant's petition. Appellant filed an appeal to this Court. In an unpublished memorandum filed on June 9, 2009, this Court affirmed the PCRA court's denial of post-conviction relief. *Commonwealth v. Hull*, 981 A.2d 313 (Pa. Super. 2009). On December 30, 2009, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Hull*, 987 A.2d 160 (Pa. Super. 2009).

On August 19, 2013, Appellant filed the motion for DNA testing at issue. The Commonwealth filed its answer to Appellant's motion on September 24, 2013. On November 14, 2013, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's motion. Appellant did not file a response. By order entered January 27, 2014, the PCRA court denied Appellant's motion. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Appellant phrases his sole issue raised on appeal as follows:

Did the [PCRA] Court err in dismissing [] Appellant's Motion for DNA testing, where Appellant's DNA Testing under **42 Pa.C.S.A. § 9543(c)(3) Actual Innocence** exists, even though Appellant entered a Guilty Plea, where evidence exists that can be tested excluding Appellant from any crime?

Appellant's Brief at 2.

Because our review of the record readily establishes that Appellant has failed to satisfy the threshold statutory requirements governing post-conviction DNA testing, we need not decide whether Appellant's entry of a guilty plea vitiates his request. *Compare Williams v. Erie County Dist. Atty's Office*, 848 A.2d 967, 972 (Pa. Super. 2004), *appeal denied*, 864 A.2d 530 (Pa. 2004) (concluding "that the language of § 9543.1 clearly precludes that section's application to petitioners seeking to challenge convictions resulting in guilty pleas by reference to DNA evidence").

Section 9543.1 of the PCRA gives a petitioner the opportunity to request DNA testing. *Commonwealth v. Smith*, 889 A.2d 582, 583 (Pa. Super. 2005). A petitioner seeking post-conviction DNA testing must satisfy several statutory requirements before a PCRA court may order such testing.[1] *Id.* In pertinent part, the statute reads:

_____

[1] The statutory provision does not confer a right to counsel. *Commonwealth v. Brooks*, 875 A.2d 1141, 1147 (Pa. Super. 2005).

**§ 9543.1.  Postconviction DNA testing**

 **(a) Motion.—**

   (1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

   (2) The evidence may have been discovered either prior to or after the applicant's conviction.  The evidence shall be available for testing as of the date of the motion.  If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

 **(b) Notice to the Commonwealth.—**

   (1) Upon receipt of a motion under subsection (a), the court shall notify the Commonwealth and shall afford the Commonwealth an opportunity to respond to the motion.

   (2) Upon receipt of a motion under subsection (a) or notice of the motion, as applicable, the Commonwealth and the court shall take steps reasonably necessary to ensure that any remaining biological material in the possession of the Commonwealth or the court is preserved pending the completion of the proceedings under this section.

 **(c) Requirements.—**In any motion under subsection (a), under penalty of perjury, the applicant shall:

   (1) (i) specify the evidence to be tested;

(ii) state the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples of test results may be entered into law enforcement databases, may be used in the investigation of other crimes, and may be used as evidence against the applicant in other cases.

(2) (i) assert the applicant's actual innocence of the offense for which the applicant was convicted[.]

***

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

***

42 Pa. C.S.A. § 9543.1. If, after reviewing the record of the petitioner's trial, the PCRA court determines that there is "no reasonable possibility" that the DNA testing would produce exculpatory evidence that would establish the petitioner's "actual innocence," the court "shall not" order the testing. *Id.* (*citing* 42 Pa.C.S.A. § 9543.1(d)(2)).

"When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1." *Commonwealth v. Williams*, 35 A.3d 44 (Pa. Super. 2011). As we summarized in *Williams*:

The statute sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency. 42 Pa.C.S.A. § 9543.1(a)(2). Additionally,

[T]he legislature delineated a clear standard—and in fact delineated certain portions of the standard twice. Under section 6543.1(c)(3), the petitioner is required to present a *prima facie* case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. Under section 9543.1(d)(2), the court is directed not to order the testing if it determines, after review of the trial record, that there is no possibility that the testing would produce exculpatory evidence to establish [the] petitioner's actual innocence. From the clear words and plain meaning of these provisions, there can be no mistake that the burden lies with the petitioner to make a *prima facie* case that favorable results from the requested DNA testing would establish his innocence. We note that the statute does not require [the] petitioner to show that the DNA testing results would be favorable. However, the court is required to review not only the motion [for DNA testing], but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish [the] petitioner's actual innocence.

**Williams**, 35 A.3d at 49-50 (*citing* **Commonwealth v. Smith**, 889 A.2d 582, 584 (Pa. Super. 2005)) (emphasis deleted). "The statutory standard to obtain testing requires more than conjecture or speculation; it demands a prima facie case that the DNA result, if exculpatory, would establish actual innocence." **Id.** at 50.

- 6 -

In support of its denial of Appellant's motion, the PCRA Court explained:

> 5. [Appellant] has not made the prima facie showing that DNA testing of specific evidence, assuming exculpatory results, would establish [Appellant's] actual innocence of the offense for which [he] was convicted as required by 42 Pa.C.S.A. § 9543.1(c)(2) and (3)(ii)[(A)]; and
>
> 6. After a review of the record of the trial, the Court does not believe that there exists a reasonable probability that the testing would [produce] exculpatory evidence that . . . would establish [Appellant's] actual innocence of the offense for which [he] was charged in that [Appellant] was charged with offenses that took place over the course of at least a two to three year period and involved two victims; one victim did not allege anything other than illegal touching, so it is impossible for any DNA evidence to have any relevance to that conviction. Moreover, given the numerous instances of sexual contact between [Appellant] and the other victim over the course of that time, it is impossible for one single piece of evidence subject to DNA testing to exonerate him. The absence of genetic material would not demonstrate his innocence. The Superior Court held in **Commonwealth v. Heilman**, 867 [A.2d] 542 (Pa. Super. 2005) that the prima facie requirement set forth in § 9543.1(c)(3) and reinforced [] in [§ 9543.1(d)(2)] requires an appellant to demonstrate that favorable results of the requested DNA testing "would establish" the appellant's actual innocence of the crime of conviction [sic]. [Appellant] has failed to make such a demonstration. In DNA as in other areas, an absence of evidence is not evidence of absence. [**Heilman**, 867 A.2d at 546-47]. Because the exculpatory DNA results would not establish actual innocence in this case, that statute prevents [the] ordering of such testing.

Pa.R.Crim.P. 907 Notice, 11/14/13, at 1-2.

As noted above, our review of the record supports the PCRA court's conclusions. Appellant has failed to satisfy the threshold statutory

requirements governing a post-conviction request for DNA testing.

Appellant does not adequately identify the specific evidence available for testing either prior to his trial or discovered after his conviction. Rather, Appellant merely asserts that he seeks DNA testing of "any evidence submitted or obtained that would prove my innocence." Appellant's Brief at 7. According to Appellant, given the conduct with which he was charged, the Commonwealth "should have preserved DNA evidence from [the] hospital" because "at some point [the charges] were investigated by a physical examination of [the male victim] at [the] hospital, [which] led to investigation by Child Protection Services." *Id*. at 8. In response, the Commonwealth counters that "nothing in the record suggests that [a physical] examination [of the male victim] would have yielded any material to be tested." Commonwealth Brief at 16. Appellant has proffered no evidence to the contrary. Moreover, it is clear that the technology for DNA testing existed at the time of Appellant's trial, and there is no evidence of record that the trial court refused any request for funds by Appellant for DNA testing. **See Commonwealth v. Perry**, 959 A.2d 932, 938 (Pa. Super. 2008) (affirming the denial of post-conviction request for DNA testing under these facts).

Thus, because Appellant has failed to establish the statutorily required *prima facie* case, we agree with the PCRA court that Appellant's post-conviction request for DNA testing is based on no more than "conjecture and

speculation." ***Williams***, ***supra***. We therefore conclude that the PCRA properly denied Appellant's post-conviction request for DNA testing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2014