J-S24025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWARD LUCKETT, | : | |
| | : | |
| Appellant | : | No. 1849 MDA 2017 |

Appeal from the PCRA Order, October 31, 2017,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0001573-1995.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 11, 2018**

Edward Luckett appeals *pro se* from the order denying as untimely his latest three petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and partial procedural history have been summarized as follows:

> [On] October 28, 1990, [Luckett], along with Andrew Dillon and another man, went to the home of 86 year old Agnes DeLuca in order to rob her.  Dillon broke a window, opened the door, and let the group in.  Once [the robbers were] inside, DeLuca screamed.  [Luckett] grabbed DeLuca around the neck to quiet her and in so doing broke her neck and paralyzed her.  They laid DeLuca on her bed while they looked around for valuables that they stashed in a pillowcase.  They beat her with blunt force in the head, stabbed her five times in the neck and twice in the back.  The three individuals then anally raped her and asphyxiated her.  Her body was found two days later.

On November 17, 1998, following a jury trial, [Luckett] was convicted of murder in the first degree, robbery, [and related charges]. On January 22, 1999, a life sentenced was imposed. [Luckett] appealed, and on November 13, 2000, [this Court] affirmed the judgment of sentence. . . .

After this Court affirmed the judgment of sentence, [Luckett] filed a *pro se* [p]etition for [a]llowance of [a]ppeal to the Pennsylvania Supreme Court. On May 3, 2001, the Supreme Court remanded the matter to the trial court for appointment of counsel. The trial court appointed [counsel] and he filed a new [p]etition for [a]llowance of [a]ppeal. The Supreme Court denied the petition on December 5, 2001.

**Commonwealth v. Luckett**, 153 A.3d 1114 (Pa. Super. 2016), unpublished memorandum at 1-2 (citations omitted).

Since the conclusion of his direct appeal, Luckett has filed five unsuccessful PCRA petitions. On August 10, 2016, he filed his sixth PCRA petition in which he asserted multiple claims, including an assertion that his filing was timely due to governmental interference. On September 27, 2016, Luckett filed his seventh PCRA petition in which he asserted that his filing was timely due to newly discovered evidence. Subsequently, Luckett also filed a "Praecipe for Entry of Adverse Order."[1]

On November 28, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Luckett's latest filings without a hearing. Luckett filed an appeal to this Court from the Rule 907 notice, and we quashed the appeal

---

[1] This filing by Luckett is yet another serial PCRA petition. **See Williams v. Erie County District Attorney's Office**, 848 A.2d 967, 969 (Pa. Super. 2004) (citation omitted) (explaining Pennsylvania courts must "evaluate any post-conviction petition under the [PCRA] regardless of the title of the document filed").

on January 25, 2017. Luckett filed a petition for allowance of appeal, which our Supreme Court denied on September 21, 2017. By order entered October 31, 2017, the PCRA court dismissed the petitions. This appeal followed. Both Luckett and the PCRA court have complied with Pa.R.A.P. 1925.

Before addressing the issues Luckett raises on appeal, we must first determine whether the PCRA court correctly determined that Luckett's serial petitions for post-conviction relief were untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] 42 Pa.C.S.A. § 9545. A PCRA petition

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Our Supreme Court denied Luckett's petition for allowance of appeal on December 5, 2001. He had ninety days from that date, or until March 5, 2002, to file a petition for writ of *certiorari* in the United States Supreme Court. U.S.Sup.Ct.R. 13. Thus, for purposes of the PCRA's time bar, Luckett had to file his latest petitions by March 5, 2003. As he filed them in 2016, they are patently untimely, unless Luckett has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

---

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Luckett has failed to prove any exception to the PCRA's time bar. In its Rule 907 notice to dismiss, the PCRA court explained why Luckett had failed to plead and prove either the governmental interference or newly discovered evidence exception to the PCRA's time bar. **See** Rule 907 Notice, 11/28/16, at 4-6. In his brief to this Court, Luckett has abandoned his argument as to these exceptions, in favor of a rambling and largely unintelligible twenty-nine page argument in which he asserts an alternative basis for the PCRA court to exercise subject matter jurisdiction. **See** Luckett's Brief at 7-36.

This claim does not meet any of the exceptions to the PCRA's time bar. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling, as Luckett suggests; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended by operation of one of the statutorily enumerated exceptions. **See generally**, **Commonwealth v. Callahan**, 101 A.3d 118 (Pa. Super. 2014).

In sum, because Luckett has not established an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of the petitions. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/11/2018</u>