J-S34042-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LAWRENCE MICHAEL OWENS, | : | |
| Appellant | : | No. 164 WDA 2018 |

Appeal from the Order January 19, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000531-2014

BEFORE:    BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                FILED JULY 20, 2018

Lawrence Michael Owens (Appellant) pro se appeals from the order entered January 19, 2018, denying his motion for leave to file an appeal nunc pro tunc from an order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Because Appellant is no longer serving a sentence, he is no longer eligible for PCRA relief; thus, we affirm the January 19, 2018 order.

We provide the following background.  On January 13, 2015, a jury convicted Appellant of drug-related charges, and on March 13, 2015, Appellant was sentenced to 12 to 24 months of incarceration to be followed by 12 months of probation.  On January 12, 2017, this Court affirmed Appellant's judgment of sentence. Commonwealth v. Owens, 160 A.3d 253 (Pa. Super.

_____

*Retired Senior Judge assigned to the Superior Court.

2017) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On May 1, 2017, Appellant pro se filed a PCRA petition. In addition, he requested permission to proceed in forma pauperis. On May 31, 2017, the PCRA court filed notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Specifically, the PCRA court concluded that all of Appellant's issues "have been previously litigated and/or waived, are void for vagueness and/or without merit." Pa.R.Crim.P. 907 Notice, 5/31/2017, at 1. Appellant filed a response, and on June 26, 2017, the PCRA court dismissed the petition.[1]

On January 10, 2018, Appellant pro se filed a motion for leave to appeal nunc pro tunc from the June 26, 2017 order. Appellant claimed that the postmaster would not deliver his mail because he did not have a proper mailbox. In addition, Appellant contended that the PCRA court never conducted a colloquy to determine whether he had the desire to waive his right to counsel and proceed pro se.

On January 19, 2018, the PCRA court denied that motion, concluding that Appellant's "story about the delivery of mail at his house is nonsensical nor does it explain why he failed to retrieve his mail from the Post Office for

---

[1] A docket notation for August 10, 2017 shows that the mailing containing the June 26, 2017 order was returned to sender as unclaimed.

over six (6) months." Order, 1/19/2018, at ¶ 2.  The PCRA court also pointed

out that it did conduct a waiver colloquy on June 1, 2015.  Id. at ¶ 3.

Appellant filed timely a notice of appeal from that order.  The PCRA court

did not order Appellant to file a statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925, and the PCRA court did not file an opinion.

Before we address the substantive issues raised by Appellant, we

consider whether Appellant is eligible for PCRA relief.[2]  To be eligible for relief,

at the time relief is granted, a PCRA petitioner must be, inter alia, "currently

serving a sentence of imprisonment, probation or parole for the crime[.]"  42

Pa.C.S. § 9543(a)(1)(i).

> [T]he denial of relief for a petitioner who has finished serving his
> sentence is required by the plain language of the statute. To be
> eligible for relief a petitioner must be currently serving a sentence
> of imprisonment, probation or parole. To grant relief at a time
> when appellant is not currently serving such a sentence would be
> to ignore the language of the statute.

Commonwealth v. Ahlborn, 699 A.2d 718, 720 (Pa. 1997) (emphases in

original).

Here, the record reveals that Appellant's maximum sentence expired on

January 26, 2018.  Thus, he is no longer serving a sentence and he is not

---

[2] We recognize that this is an appeal from an order denying Appellant leave
to file an appeal from the denial of a PCRA petition.  However, if Appellant is
not eligible to obtain the underlying relief, it would be futile to grant him
permission to appeal the denial of that petition.

eligible for PCRA relief. Thus, we affirm the order of the PCRA court on that basis.[3]

However, we would be remiss not to point out that Appellant was entitled to counsel for this PCRA petition, and if he were still serving a sentence at this time, we would have remanded the case for appointment of counsel or proper waiver thereof. See Commonwealth v. Hart, 911 A.2d 939, 942 (Pa. Super. 2006) ("This court has held that the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance.").

It is well-settled that a pro se defendant is entitled to the appointment of counsel for his first PCRA petition. See Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.") (emphasis added).

Here, the PCRA court concluded that Appellant waived his right to counsel at a June 1, 2015 hearing. At that hearing, which was regarding

---

[3] "[I]n general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm." Williams v. Erie County Dist. Attorney's Office, 848 A.2d 967, 969 (Pa. Super. 2004).

whether Appellant wished to have appointed counsel for his direct appeal, the trial court stated the following at the conclusion of the hearing.

> Well, we'll leave it this way, [Appellant], if you want to hire a lawyer, you can do that. If you want to be represented by counsel, you certainly can do that. You can file an application with the Public Defender's Office, and if you meet the criteria, which it sounds like you might, then counsel will be appointed for you. So it's up to you to decide whether you want counsel or not.

N.T., 6/1/2015, at 7.

Even if this determination constituted a knowing, intelligent, and voluntary waiver of counsel for Appellant's direct appeal, we cannot agree that this 2015 hearing carries over to a 2017 PCRA proceeding, which is governed by separate rules of criminal procedure. See Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."). Thus, the PCRA court should have appointed counsel for Appellant upon the filing of his May 1, 2017 petition or held a Grazier hearing to ascertain Appellant's knowing, intelligent, and voluntary waiver of counsel.

Nevertheless, because Appellant is not serving a sentence at this point, he is not eligible for relief, and we affirm the January 19, 2018 order on that basis.

Order affirmed.

J-S34042-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   7/20/2018

- 6 -