J-S44001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GUY ROBERT ROHM | : | |
| | : | |
| Appellant | : | No. 68 WDA 2018 |

Appeal from the PCRA Order December 18, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011746-2014

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 1, 2019**

Appellant, Guy Robert Rohm, appeals from the December 18, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Because we conclude that Appellant is no longer eligible for relief under the PCRA, we affirm.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> On August 13, 2014, Borough of Franklin Park and Township of McCandless police officers responded to a domestic disturbance in the town of McCandless, Allegheny County, Pennsylvania. Upon arrival, the officers encountered [Appellant], Guy Rohm, who was highly intoxicated, and who resided with his elderly parents at their home. The [o]fficers directed [Appellant] to sit on the porch outside, while other officers interviewed the parents. [Appellant] said he wanted to "play with the officer's gun" and attempted to get up. He was directed by police to remain seated. [Appellant] then unexpectedly got up and came after Officer McCusker in a threatening manner, and he was then subdued and placed under arrest. The officer believed he was coming after his weapon. It

took the efforts of several officers to place handcuffs on [Appellant], who struggled with police as they led him to a police car, under arrest for one (1) count of Simple Assault 18 Pa.C.S. §2701 and one (1) count of Resisting Arrest 18 Pa.C.S. §5104. (N.T. pp. 9-17)

At CC 201411746, [Appellant] was convicted of both charges in a non-jury trial on February 8, 2015. [Appellant] was sentenced on April 2, 2015[,] to an aggregate term of two (2) years' probation. On December 1, 2015, [Appellant] filed a petition for relief under the Post Conviction Relief Act (PCRA). Attorney Marvin Leibowitz was appointed to represent [Appellant] on April 25, 2016.

On June 23, 2016, [Appellant's] probation supervision was transferred to the Honorable Beth Lazarra, who presides over Allegheny County's Mental Health Court. [Appellant] subsequently filed an Amended PCRA [petition] on February 27, 2017[,] which was answered by the Commonwealth … on March 7, 2017.

On May 8, 2017, Judge Lazarra revoked [Appellant's] probation and sentenced him to a new two (2) year period of probation. On November 6, 2017, [Appellant] filed a response to the [PCRA court's Pa.R.Crim.P. 907] Notice of Intent to Dismiss [Appellant's PCRA petition], and on December 18, 2017, the PCRA court entered an order dismissing the PCRA petition.

PCRA Court Opinion, 1/10/19, at 2-3 (internal footnote omitted). Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises the following issues for this Court's consideration:

[1.] Whether the evidence of record was sufficient to support a conviction for simple assault? Whether the evidence of record is sufficient to support a conviction for resisting arrest?

---

[1] Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

2. Whether trial counsel was ineffective for failing to do an effective cross[-]examination of Commonwealth witnesses and by refusing to permit Appellant to testify?

3. Whether relief under the Post Conviction Relief Act is available to the Appellant?

Appellant's Brief at 7.

Our standard of review for an order denying PCRA relief is limited to determining whether the record supports the PCRA court's determination and whether that decision is free of legal error. *Commonwealth v. Allen*, 48 A.3d 1283, 1285 (Pa. Super. 2012) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Id.*

As a prefatory matter, we must determine if Appellant is eligible for relief under the PCRA. 42 Pa.C.S. § 9543. It is well settled that in order to be eligible for PCRA relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole for the conviction. *Commonwealth v. Tinsley*, 200 A.3d 104, 107 (Pa. Super. 2018); 42 Pa.C.S. § 9543(a)(1)(i). The record reflects that during the pendency of this appeal, the probation supervision court entered an order closing interest in Appellant's probation and memorializing Appellant's successful completion of his sentence. Order, 3/27/18.

It is undisputed that Appellant completed his sentence.[2] However, Appellant avers that it would be "unconscionable" to deny him PCRA relief on this basis. Appellant's Brief at 18. Appellant asserts that although his sentence expired, there are collateral consequences to having a criminal record, and he asks this Court to address his appeal despite the expiration of his sentence. *Id.* at 19-20. We are constrained to decline Appellant's request.

The PCRA precludes relief for petitioners whose sentences have expired, regardless of collateral consequences resulting from the conviction. *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). Because Appellant is no longer serving a sentence, he is not eligible for relief under the PCRA. *Tinsley*, 200 A.3d at 107. Accordingly, we affirm the order denying Appellant's PCRA petition.[3] *Id.*

_____

[2] As noted in the PCRA Court's recitation of the procedural history, Appellant's initial term of probation was revoked, and he was re-sentenced to a term of two years of probation on May 8, 2017. PCRA Court Opinion, 1/10/19, at 3; Order of Sentence, 5/8/17. However, the record reflects that Appellant completed his sentence on March 27, 2018. Order, 3/27/18. We conclude that even if we calculated the completion date of Appellant's sentence utilizing a starting date of May 8, 2017, and a termination date two years later on May 8, 2019, our decision would not change. Appellant would remain ineligible for PCRA relief because he has completed his sentence. 42 Pa.C.S. § 9543(a)(1)(i).

[3] The PCRA court did not provide a specific rationale for denying PCRA relief in either its October 17, 2017 Notice of Intent to Dismiss or in its December 18, 2017 order denying Appellant's PCRA petition. However, in its Pa.R.A.P. 1925(a) opinion, the PCRA court correctly noted that Appellant became ineligible for relief under the PCRA when he completed his sentence. PCRA Court Opinion, 1/10/19, at 4. It is well settled that we may affirm the decision

- 4 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2019

---

of the PCRA court if there is any basis on the record to support the PCRA court's action. **Williams v. Erie County Dist. Attorney's Office**, 848 A.2d 967, 969 (Pa. Super. 2004) (citation omitted).