J.S17035/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD A. CANNON, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1316 WDA 2015 |

Appeal from the Order August 12, 2015
in the Court of Common Pleas of Mercer County Criminal Division
at No(s): CP-43-CR-0001003-2004

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED MARCH 1, 2016**

Appellant, Richard A. Cannon, appeals from the order of the Mercer County Court of Common Pleas dismissing his second Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, petition as meritless. Appellant challenges his 2005 mandatory minimum sentences, imposed under 18 Pa.C.S. § 7508(a) ("Drug trafficking sentencing and penalties"), and asserts those sentences are now unconstitutional in light of *Alleyne v. United States*, 133 S. Ct 2151 (2013), and subsequent decisions by this Court. *See, e.g.*, *Commonwealth v. Fennell*, 105 A.3d 13, 18-20 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015). We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

This Court previously summarized the relevant procedural history of this appeal.

On August 18, 2005, Appellant was convicted by a jury of seven counts of possession with intent to deliver controlled substances, 35 P.S. § 780-113(a)(30), seven counts of possession of controlled substances, 35 P.S. § 780-113(a)(16), and six counts of use of a communication facility, 18 Pa.C.S.[ ] § 7512(a). Appellant was subsequently sentenced to an aggregate term of twelve years to twenty-five years imprisonment[, which included several mandatory minimum sentences of five years' imprisonment based on 18 Pa.C.S. § 7508(a)(3)]. Trial counsel, William G. McConnell, Jr., Esquire, filed post-sentence motions on Appellant's behalf, which included a claim that Appellant's sentence should be reduced because the Commonwealth engaged in unlawful sentence entrapment. Appellant's post-sentence motion was denied without hearing on October 26, 2005.

On November 7, 2005, Appellant attempted to file a timely appeal of his judgment of sentence. The appeal was never filed or processed. As a result, Appellant filed a PCRA petition, and his direct appeal rights were reinstated *nunc pro tunc*. Appointed counsel, Randall T. Hetrick, Esquire, filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.[A].P. 1925(b) for Appellant. On February 6, 2008, this Court denied the appeal, affirming Appellant's judgment of sentence. [***Commonwealth v. Cannon***, 1975 WDA 2006 (Pa. Super. Feb. 6, 2008)]. Appellant filed a petition for allowance of appeal with the Supreme Court, which was denied on October 14, 2008. [***Commonwealth v. Cannon***, 145 WAL 2008 (Pa. Oct. 14, 2008)].

On December 30, 2009, PCRA counsel, Scott Coffey, Esquire, filed a PCRA petition on behalf of Appellant. Attorney Coffey then filed an amended PCRA petition on January 27, 2010, in which he raised a claim that "trial/sentencing/post sentencing counsel was [sic] ineffective for failing to raise a claim that the Commonwealth manipulated [Appellant's] sentence by waiting until he had committed 7 drug transactions over a

four month period, resulting in an increase of the mandatory minimum sentences requested from 5 years to 32 years (the actual mandatory minimum imposed was 12 years)."

*Commonwealth v. Cannon*, 713 WDA 2010 (Pa. Super. Jan. 25, 2011) (unpublished memorandum at 1-3). On April 8, 2010, The PCRA Court denied Appellant's first PCRA petition following an evidentiary hearing. *Id.* at 3. This Court affirmed, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Id.* at 8; *see also Commonwealth v. Cannon*, 598 WAL 2011 (Pa. Mar. 7, 2012)

On July 27, 2015, Appellant filed the *pro se* "petition/motion to vacate judgment of sentence—motion to set aside the mandatory minimum," which gives rise to this appeal.[1] On August 12, 2015, the PCRA court entered a memorandum opinion and order denying relief. The court concluded it was "bound by *stare decisis* to follow" *Commonwealth v. Riggle*, 119 A.3d 1059 (Pa. Super. 2015), and find no relief was due because *Alleyne* and its Pennsylvania progeny did not apply retroactively. *See* Order, 8/12/15; PCRA Ct. Op., 8/12/15, at 4 (unpaginated). Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant, in his *pro se* brief, presents the following question for review: "Is Appellant's mandatory minimum sentence illegal and

---

[1] Although Appellant's filing was received and docketed by the court on June 29, 2015, the record contains an envelope bearing a postmark dated June 27th, which we adopt as the date of filing. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011).

unconstitutional since 18 Pa.C.S.[ ] § 7508 has been declared unconstitutional by recent Superior Court decisions?" Appellant's Brief at 5. Appellant cites to **Alleyne**, refers to this Court's decisions invalidating mandatory minimum sentences, and asserts his sentences are similarly subject to correction. **See id.** at 10-11. We are constrained to disagree.

It is well settled that the PCRA

> provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542; **see also** 42 Pa.C.S. § 6503(b) ("Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law."). Pennsylvania courts must "evaluate any post-conviction petition under the Post Conviction Relief Act (PCRA), regardless of the title of the document filed." **Williams v. Erie Cnty. Dist. Attorney's Office**, 848 A.2d 967, 969 (Pa. Super. 2004) (citation omitted); **accord Commonwealth v. Rivera**, 802 A.3d 629, 633 (Pa. Super. 2002).

Appellant's present claim for relief from the application of a mandatory minimum sentence is cognizable under the PCRA. **Cf. Commonwealth v. Ford**, 947 A.2d 1251, 1252-53 (Pa. Super. 2008); **Commonwealth v.**

*Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Therefore, his instant *pro se* "petition/motion" must be regarded as a PCRA petition, his second. **See Williams**, 848 A.2d at 969; **Rivera**, 802 A.3d at 633.

Consequently, our standard of review is as follows. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." **Miller**, 102 A.3d at 992 (citations and quotation marks omitted). "[T]his Court may affirm the decision of the PCRA Court if it is correct on any basis." **Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa. Super. 2000); **see also Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (noting this Court may raise question of timeliness under PCRA *sua sponte*).

> Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." . . . ["A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." The PCRA provides, in relevant part, as follows.

> \* \* \*

> **(b) Time for filing petition.—**

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by

government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

*Miller*, 102 A.3d at 993 (quoting 42 Pa.C.S. § 9545(b)(1)(i)-(iii), (2)).

Section 9545(b)(1)(ii) codifies the "previously unknown facts" exception. To invoke that provision,

the petitioner must establish that: 1) the **facts** upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (citation omitted) (emphasis added). However, judicial decisions do not constitute facts for the purposes of Section 9545(b)(1)(ii). *See id.* Thus, the mere discovery of recent case law will not provide a basis for asserting a PCRA timeliness exception. *See id.*

Section 9545(b)(1)(iii) establishes a timeliness exception for newly recognized constitutional rights. To assert the exception, "a petitioner must prove that there is a 'new' constitutional right **and that the right 'has been held' by that court to apply retroactively**." *Miller*, 102 A.3d at 994 (citation omitted) (emphasis added).

In *Miller*, this Court concluded *Alleyne* does not establish a timeliness exception under Section 9545(b)(1)(iii). *Id.* at 995. We reasoned, "[N]either our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Id.*

Instantly, Appellant's judgment of sentence became final on January 12, 2009,[2] and he had until January 12, 2010, to file a facially timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1), (3). Therefore, he was required to plead and prove a timeliness exception under 42 Pa.C.S. § 9545(b) to establish jurisdiction over his July 27, 2015 motion/petition.[3] This he did not do. Accordingly, this Court must affirm the PCRA court's dismissal of

---

[2] As noted above, this Court affirmed the judgment of sentence on February 6, 2008, and the Pennsylvania Supreme Court denied allowance of appeal on October 14, 2008. Appellant did not petition the United States Supreme Court for *writ of certiorari* in his direct appeal. We emphasize Appellant's conviction became final **before** the United States Supreme Court decided *Alleyne* on June 17, 2013. *See Commonwealth v. Ruiz*, ___ A.3d ___, ___, 2015 WL 9632089 (Pa. Super. Dec. 30, 2015).

[3] Moreover, Appellant's petition was not filed by August 16, 2013, the sixtieth day after *Alleyne* was decided. *See* 42 Pa.C.S. § 9545(b)(2).

Appellant's second PCRA petition. ***See Callahan***, 101 A.3d at 121;

***Hutchins***, 760 A.2d at 55.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  March 1, 2016