J-S39028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN RIVERA, | |
| Appellant | No. 2032 MDA 2015 |

Appeal from the PCRA Order November 3, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0003081-2010
CP-36-CR-0003082-2010
CP-36-CR-0003164-2010

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED MAY 24, 2016**

Appellant, Juan Rivera, appeals *pro se* from the dismissal of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.[1]

We take the following facts from the PCRA court's opinion and our independent review of the certified record.  On July 19, 2011, Appellant pleaded guilty to burglary, theft by unlawful taking, receiving stolen

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On March 31, 2016, Appellant filed an application for relief in this Court in the form of a request for production of documents.  Appellant's application for relief is denied.

property, and retail theft.[2]  The charges related to thefts committed by Appellant at a home and local jewelry stores between May 6 and May 8, 2010.  On July 19, 2011, the court sentenced Appellant to an aggregate term of not less than two-and-one-half nor more than six years' imprisonment pursuant to the negotiated plea agreement.  No direct appeal was filed.

On March 16, 2015, Appellant filed a *pro se* request for the production of documents and other discovery related to his case,[3] which he titled as a writ of *mandamus*.  The court treated the document as a first PCRA petition,

---

[2] 18 Pa.C.S.A. §§ 3502(a), 3921(a), 3925(a), and 3929(a)(1), respectively.

[3] Specifically, Appellant stated in his request:

> 1.    Please order arresting officer to bring forth all evidence that will show a requisite element of a valid arrest, and search and seizure[;]
> 2.    Also bring forth all evidence that will place me in possession of all that was[] obtained in the cases above mentioned[;]
> 3.    Also bring forth all evidence that will place me in the scene of the crime, or crimes[s] for the above mentioned cases[;]
> 4.    Please bring forth all fact[s] that will show an ongoing investigation from the day of said incidents, in affidavits, to the present[;]
> 5.    Please bring forth the full discovery packets pertaining to each one of the above stated cases[; and]
> 6.    Please bring forth any and all court filings, as in transcripts, filed motions, waivers, submittal of evidence, and etc., for all the above mentioned cases.

(Writ of *Mandamus*, 3/16/15, at 1-2 (unnecessary capitalization and apostrophes omitted); **see also** Commonwealth's Brief, at 8).

and appointed counsel who filed a motion to withdraw and **Turner**/**Finley**[4] "no merit" letter on May 14, 2015, to which Appellant responded on June 1, 2015. On October 13, 2015, the court filed notice of its intent to dismiss Appellant's petition without a hearing. **See** Pa.R.Crim.P. 907(1). On November 3, 2015, the court granted counsel's application to withdraw and dismissed Appellant's petition as untimely. Appellant timely appealed.[5]

Appellant raises five issues for this Court's review:

I.    Did the court commit an abuse of discretion or commit an error of law by not issuing the 1925(b) order, statement of [errors] complained [of?]

II.    Did the court commit an abuse of discretion or commit an error of law by not granting relief, or failing to act on [Appellant's] claim of actual innocence[?]

III.    Did the court commit an abuse of discretion or commit an error of law by allowing counsel[`]s **Finley** letter, and subsequent motion to withdraw from filing an amended P.C.R.A. [petition] to be granted[?]

IV.    Did the court commit an abuse of discretion or commit an error of law by not responding to [Appellant's] request for formal D.N.A. testing pursuant to 42 Pa.C.S.A. § 9543.1(c)(3), an action that incorporates a 1945(b) issue pursuant to the P.A. Innocence Protection Act, that [Appellant] requested through counsel, and mentioned on his response to **Finley** letter[?]

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Appellant filed a statement of errors complained of on appeal on December 3, 2015. **See** Pa.R.A.P. 1925(b). The court filed an opinion on December 8, 2015. **See** Pa.R.A.P. 1925(a).

V. Did the court commit an abuse of discretion or commit an error of law by not disclosing evidence to the court or to defense, that would have exonerated [Appellant] ([n]amely D.N.A. evidence) at the time of the proceedings[?]

(Appellant's Brief, at 4) (some argument omitted).

This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

Here, in his original post-conviction filing with the PCRA court, Appellant sought the production of discovery related to his case. (*See* "Writ of *Mandamus*," 3/16/15, at 1-2). Then, in response to appointed counsel's *Turner/Finley* letter, Appellant alleged his innocence for the first time, and requested DNA testing pursuant to 42 Pa.C.S.A. § 9543.1. (*See* Response to *Turner/Finley* Letter, 6/01/15, at 2-4).

The PCRA court found that Appellant's petition was untimely and that he failed to plead and prove any exception to the PCRA time-bar. (*See* Rule 907 Notice, 10/13/15, at 1). We agree.

It is well-settled that:

- 4 -

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on August 18, 2011, at the expiration of the time to file a direct appeal in this Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date, until August 18, 2012, to file a petition for collateral relief unless he pleaded and proved that a timeliness exception applied. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on March 16, 2015, is untimely on its face, and we lack jurisdiction to consider its merits, unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of

- 5 -

the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Further, the Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008). Importantly, "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008) (citations omitted); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In this case, Appellant's post-conviction request for production of documents did not allege any timeliness exception. (**See** "Writ of *Mandamus*," 3/16/15, at 1-2). Therefore, the court properly found that Appellant's petition was untimely where he failed to plead and prove a timeliness exception. **See Abu-Jamal**, *supra* at 1268.

We also note that the PCRA expressly limits discovery in non-capital cases. *See* 42 Pa.C.S.A. § 9545(a) ("No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a [PCRA] petition . . . ."); Pa.R.E. 902(E)(1) ("Except as provided in paragraph (E)(2), no discovery shall be permitted at any stage of the [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances."). "The denial of a request for post-conviction discovery is reviewed for an abuse of discretion. Discovery in PCRA proceedings cannot be used as an excuse for engaging in a 'fishing expedition.'" ***Commonwealth v. Edmiston***, 65 A.3d 339, 353 (Pa. 2013), *cert. denied*, 134 S.Ct. 639 (2013) (citation omitted).

Here, Appellant's exhaustive request failed to demonstrate any exceptional circumstances to support the production of discovery, and appears to be an impermissible "fishing expedition.". ***Id.***; (***see also*** fn. 3, ***supra***; Writ of *Mandamus*, 3/16/15, at 1-2). Accordingly, we conclude that the court did not abuse its discretion in finding his request lacked merit, in addition to its being untimely. ***See Edmiston***, ***supra*** at 353.

Also, without leave to file an amended petition, Appellant raised a new issue via his response to the ***Turner***/***Finley*** letter. ***See*** Pa.R.Crim.P. 905(A). Specifically, he alleged his innocence and requested DNA testing pursuant to 42 Pa.C.S.A. § 9543.1. (***See*** Appellant's Response to Counsel's ***Turner***/***Finley*** Letter, 6/01/15, at 2, 4). However, because "petitioners

may not automatically 'amend' their PCRA petitions via responsive pleadings[,]" Appellant waived his request for DNA testing on the basis of his alleged innocence. *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (concluding issue waived where it was "not raised in Appellant's PCRA petition, and no request was made to amend the petition to include it[.]").

Moreover, Appellant is not entitled to relief pursuant to Section 9543.1 of the PCRA because he does not fall under any of the limited circumstances in which a post-conviction request for DNA testing is permitted.

Specifically, Section 9543.1(a)(2) provides, in pertinent part:

If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because **the technology for testing was not in existence at the time of the trial** or the applicant's counsel did not seek testing at the time of the trial in a case where a **verdict was rendered on or before January 1, 1995**, or the applicant's **counsel sought funds from the court** to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S.A. § 9543.1(a)(2) (emphases added).

In the case *sub judice*, the DNA evidence was obtained by the police in May, 2010; trial occurred in July, 2011; and Appellant's counsel did not request funds to pay for testing. Therefore, Appellant is not entitled to relief pursuant to Section 9543.1. *See id.*

We also observe that, even if Appellant fell into one of the limited circumstances provided in Section 9543.1(a)(2), he would not be entitled to

relief. A panel of this Court, after fully discussing the language of Section 9543.1, concluded that "[it] clearly precludes that section's application to petitioners seeking to challenge convictions resulting in guilty pleas by reference to DNA evidence." **Williams v. Erie Cty. Dist. Attorney's Office**, 848 A.2d 967, 970 (Pa. Super. 2004), *appeal denied*, 864 A.2d 530 (Pa. 2004). Therefore, Appellant would not be entitled to relief because he pleaded guilty, even if one of the limited circumstances in Section 9543.1(a)(2) applied to him.

Finally, we observe that Appellant argues in this Court for the first time that he is entitled to the application of the governmental interference and previously unknown facts exceptions to the PCRA time-bar. (**See** Appellant's Brief, at 1, 9-10); 42 Pa.C.S.A. § 9545(b)(ii), (iii). However, this argument is waived for our review where he failed to raise it in the PCRA court. **See** Pa.R.A.P. 302(a).[6]

_____

[6] Moreover, for the sake of completeness, we observe that Appellant's argument for application of the exceptions on the basis of the Commonwealth's alleged failure to advise him of the existence of DNA evidence would not merit relief where this information was a matter of public record that could not be "unknown," because it was mentioned expressly in his certified record. **See Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006); (**see also** Affidavit of Probable Cause, 8/05/10, at 1 ¶ 3). Further, other than arguing that he did not see this document, (**see** Appellant's Brief, at 10), Appellant provides absolutely no evidence that he exercised due diligence in discovering the DNA information contained therein. (**See id.**). Appellant's argument fails. **See Chester**, **supra** at 523; **see also Commonwealth v. Lyons**, 833 A.2d 245, 251 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2003) (noting that, "although this
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016

---

*(Footnote Continued)*

Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant."); Pa.R.A.P. 2101.